Case 104.—ACTION BY THE CORBIN OIL & GAS CO. AGAINST MULL &c. FOR BREACH OF CONTRACT.—Nov. 21.

## Corbin Oil & Gas Co. v. Mull. &c.

Appeal fom Knox Circuit Court.
H. C. FAULKNER, Circuit Judge.
From the judgment Plaintiff appeals.    Reversed.

Damages—Breach of Contract—Where defendant contracted to drill an oil well 2,000 feet, unless oil or gas was sooner found, and abandoned the well at 1,500 feet, failing to case it as required by the contract, the measure of plaintiff's damages was the cost of cleaning the well, of casing it, and the excess cost of drilling the well to 2,000 feet, over what it agreed to pay defendant, or, if the well had been destroyed, the sum paid defendant.

TYE & DENHAM, MAYNOR & HAYES and J. D. TUGGLE for appellant.

DISHMAN & DISHMAN and J. D. McGEE for appellees.
(No briefs in the record.)

OPINION BY JUDGE O'REAR—Reversing.

L. A. Mull, who owned and operated a drilling out-
fit, contracted with appellant, who owned certain min-
eral privileges near Corbin, in Knox county, to drill
for it an oil well to the depth of 2,000 feet, unless oil
or gas were sooner found in paying quantities, or
unless appellant directed the work to stop at a less
depth. The work was to be paid for by the foot at
the end of each 500 feet, or when the work was com-
pleted. The contractor agreed to do the work in a
skillful manner, and to case the well when necessary
to protect it from water, or when necessary from any
cause. The well was sunk over 1,500 feet deep, when
the contractor abandoned it. He failed to case it as
was required, and as was necessary to protect it from
salt water, so that it filled up, and, as appellant
claims, drowned a flow of gas and oil which was of
some market value. The contract gave appellant a
lien on the rig or drilling outfit to secure the perfor-
mance of appellee L. A. Mull's contract and this suit
was brought in equity to recover the damages for
the breach, and to enforce the lien. The circuit court
found that the contract had been breached by L. A.
Mull, and that for its damages appellant had an en-
forceable and superior lien on the property in suit.
We concur with the circuit judge in his findings thus
far. But when he came to admeasure the damages
he gave appellant nominal damages only on the
ground that they were not susceptible of measure-
ment otherwise.

Appellant claims that, by the failure of L. A. Mull
to properly case the well, it was totally destroyed;
that the effect of allowing the salt water to encroach
upon the gas deposit and the gas-bearing shale was
to destroy it, and to render the adventure valueless;
that the sides of the well are so affected by the accu-

mulated water as to be caved in, making it necessary to redrill the well to even get at what may be at the bottom of the 2,000 feet. Appellee on the other hand contends that, as it is impossible to know what what is at the bottom until the well is drilled that deep, it would be impossible to say that appellant sustained any damage by reason of the failure to go that deep; that it is wholly speculative, and not susceptible of proof what the value of the well would have been if completed, and that therefore the court was right in assessing nominal damages only. Or, appellees contend, appellant should have drilled the well itself the remainder of the 2,000 feet, when the cost to which it would have been put, less the contract price agreed to be paid L. A. Mull, would have been the measure of damages, and, as appellant did not finish the well nor prove the excessive cost of doing so, the court had no other alternative in fixing the measure of damages than to give nominal damages only. Appellant was entitled to have its contract executed. Even though it were a foolish enterprise, stlil, it was not illegal, and it does not lie in the mouth of the contractor to say that it was not worth to appellant what appellee was being paid to do the work. Corbin is in the gas and oil region of Southeastern Kentucky. Some gas and traces of oil were found in this well. So appellant may well have been justified in the exploitation of its property. That was the way to find out whether they had oil or gas upon it. In the prosecution of the work under the contract appellant incurred an expense of some $1,800, including what was paid to L. A. Mull. That is what their hole in the ground has cost them. It may not be worth anything, and may not have been had it been completed to 2,000 feet depth. But manifestly, if it were worthless as a paying well at 1,800 feet, that is not evidence that at 2,000 feet it would still be

worthless. Indeed, as a venture it may reasonably and truly be said that, in one sense, it was worth up to that point what it had cost, in view of the contract which contemplated going 2,000 feet. If it had been left so that it would have been utilized for drilling deeper, its worth for that purpose could have been enjoyed by the owner. But it was not. It is claimed that it was totally destroyed, as much so as if it had never been sunk at all. However that may be, it is certain that, before it could be utilized to go deeper, it would have to be cleaned out, and maybe cased up so as to put it in a fit condition as it would have been in had L. A. Mull kept his undertaking. And this, we think, is the measure of damages: The necessary cost of cleaning out the water or debris allowed to accumulate in the well; to case it as L. A. Mull was required to do; and then the excess cost of drilling it to 2,000 feet over what the contract agreed to pay L. A. Mull for doing that work. On this should be credited whatever is owing L. A. Mull for the number of feet drilled by him lower than 1,500, he having been paid only for digging 1,500 feet. Or, if it should be ascertained that in reality the well had been destroyed by caving of its sides so that it would cost as much to clean it out as to drill a new one, then the measure of damage to the plaintiff is the sum which it has paid L. A. Mull for doing the work he has destroyed by his lack of attention and skill.

The case is not so prepared as to justify a judgment. It should be prepared, or be allowed to be prepared, on the line of recovery herein outlined. Ordinarily we will adjudge an equity case as it may be when it comes here, and direct a final judgment to be entered according to the merit disclosed by the then state of the record. But this is not an invariable rule. Really, this branch of the case is an action at law, and where the court might call a jury to pass upon the

quantum of damages. There was no evidence, and no way that we know of, to prove the value of the gas deposit which was struck in the course of sinking the well. Anybody knows that such deposits may be found that are practically worthless, though apparently strong, but giving out in a few days or weeks. The only way to test the value of such a deposit is to allow the gas to flow long enough.to demonstrate that it is not a pocket, but that it is there in sufficient quanitity to be a paying well. In the absence of such test, and owing to the inability to now make it, it is impossible to lay down any rule by way of compensatory damages for failure of the driller to keep the water away from it than that of allowing nominal damages only. So, upon that branch of the case, the rule applied by the circuit court is right.

The judgment is reversed, and cause remanded for proceedings not inconsistent herewith.

Petition for rehearing by the appellee overruled.