EDENS et al. v. CLEAVES et al. (No. 834.)

(Court of Civil Appeals of Texas. El Paso. March 21, 1918. Rehearing Denied April 11, 1918.)

1. WILLS ⬤═➤358 — PROBATE — FINALITY OF JUDGMENT.

A judgment for probate of a will is not lacking in finality because the will was not copied into such judgment, if the judgment identified the will by definite description, declared it probated, and ordered it to be filed and recorded, and the transcript to the district court showed compliance with Rev. St. 1911, art. 7874, as to filing wills.

2. WILLS ⬤═➤384 — PROBATE — HARMLESS ERROR.

Error, if any, in admitting affidavits of death and proof of execution of will taken in probate court, in a contest in the district court, is harmless, where both facts were proved by other evidence introduced without objection, especially when death and execution of the will were not questioned.

3. WILLS ⬤═➤378—PROBATE—EVIDENCE—ADMISSIBILITY.

In will contest in district court, where witness in county court was too ill to appear, proponents were entitled to prove her illness to explain why they did not put her on the stand; testimony in county court being offered, but not introduced in evidence.

4. WILLS ⬤═➤384—INVITED ERROR.

In will contest, where contestants insisted that a witness was not too ill to go on the stand, they could not complain of proof of the extent of the illness to the effect that witness had fainted in an adjoining room.

5. TRIAL ⬤═➤50—DISMISSING JURY.

It is a matter within the discretion of the court whether the jury should be dismissed during a colloquy between counsel.

6. WILLS ⬤═➤384—HARMLESS ERROR.

In will contest, error, if any, in argument of counsel relating to proponent and her illness to the effect that she was caused to faint by abuse of defendant's counsel was not prejudicial where, in any event, the evidence greatly preponderated in favor of the proponent, and the matters referred to had occurred in the presence of the jury.

7. WILLS ⬤═➤330(1)—PROBATE—INSTRUCTIONS.

Instruction that if testator had sufficient mind and memory to know and appreciate what he was doing, the extent and nature of the property, and the persons he wished to make the objects of his bounty, he had sufficient mental capacity to execute a will, was sufficient.

8. WILLS ⬤═➤332—PROBATE—INSTRUCTIONS.

In will contest, requested charge, referring to acts of proponent and requiring finding of undue influence if she by false representations procured testator to make no bequest to contestants, was properly refused as improperly singling out certain facts.

9. TRIAL ⬤═➤260(1)—PROBATE—INSTRUCTIONS.

There was no error in a will contest in refusing special requested instructions fully covered by the general charge given.

10. WILLS ⬤═➤322—CURE OF ERRORS.

If evidence was improperly admitted in will contest, its withdrawal by the court cured the error.

11. WILLS ⬤═➤53(6) — CONTESTS — EVIDENCE—ADMISSIBILITY.

It was not error to admit evidence of testator's sister that their mother's brain was affected by disease and worry; such being a matter of family history, and having no force against contestant's contention of undue influence.

Appeal from District Court, El Paso County; Ballard Coldwell, Judge.

Will contest between Mrs. M. A. Cleaves and others, proponents, and Mrs. Bettie Edens and others, contestants. From the decree of the district court on appeal from probate court admitting the will to probate, contestants appeal. Affirmed.

L. A. Dale, Hudspeth & Harper, and M. W. Stanton, all of El Paso, for appellants. Lea, McGrady & Thomason, of El Paso, and Jno. B. Littler, of Big Springs, for appellees.

HARPER, C. J. This proceeding was instituted in the probate court of El Paso county by appellees to probate the will of W. E. Rhoton, deceased. The probate was contested by appellants upon the grounds of unsound mind and undue influence exercised by Mrs. Cleaves at the time of the execution of the will. The will was probated, and an order entered to that effect upon the probate minutes. The case was appealed to the district court, where upon trial before a jury, the same judgment was entered, from which this appeal.

[1] Assignments 1 to 5, inclusive, urge that because the will was not copied in the judgment of the county court, there was no final judgment there from which to appeal to the district court; therefore the district court had no jurisdiction to try it. The judgment entered by the probate court identifies the will by definite description, declares it probated, and orders it filed and recorded, and the transcript to the district court sufficiently shows that the order of the court and article 7874, Revised Statutes, were complied with by the clerk of that court.

---

[2] By the sixth the point is made that the affidavits of death and proof of execution of will taken before and filed in the probate court were not admissible in evidence in the district court. If they were not admissible, there is ample proof of both by other evidence introduced without objection. Besides, there is no question of death, nor of execution of the will.

[3] The seventh and eighth charge reversible error in permitting appellees over the objections of appellants to prove by witnesses that Mrs. Cleaves was too sick to testify in the district court, and in offering her evidence taken in the county court. She was not placed upon the stand, nor was her testimony taken in the county court introduced in evidence, so appellees insist that they were entitled to prove her illness to explain why they did not put her on the stand. In this we think appellees are correct. Railway v. White, 80 Tex. 207, 15 S. W. 808.

[4] Appellants further insist that the jury should have been retired, and that appellees should not have been permitted to prove that the "old lady was suffering with a goiter and had fainted," etc. The record clearly shows that appellants were insisting that the witness was not too sick to be placed upon the stand; thus they brought about the necessity of proving the extent of her illness to show that in fact she was not able to go on the stand as a witness.

[5] Whether the jury should have been sent out of the courtroom during the colloquy between counsel over the point was a matter of discretion with the court, and it does not appear that such discretion has been abused in this instance.

[6] The ninth complains of argument of counsel referring to the proponent of the will, stated, "whose sickness cannot be questioned as proven by one of the best doctors in town; an old woman with a goiter, who fainted and is now lying in the other room. and whom you caused to faint by your abuse."

And the tenth charges that it was error to refuse to give special charge requested not to consider such argument. These were matters which had occurred during the trial in the presence of the jury, already known to them, except the charge that "she was caused to faint by your abuse," so we think it not likely that the argument had any harmful effect, especially so since the great preponderance of the evidence is in support of the verdict of the jury; that deceased was of sound mind at the time of the execution of the will; and that its execution was not procured by undue influence. La Grone v. Railway Co., 189 S. W. 99.

By the eleventh and twelfth, appellants assert that the main charge of the court is insufficient, in that it was not full enough. The portion of the charge complained of is as follows:

"Question No. 1: Do you believe from the preponderance of the evidence that on December 9, 1915, William E. Rhoton had sufficient mental capacity to execute the will in controversy and dispose of his property? Answer yes or no.

"If you find from a preponderance of the evidence that on the occasion above mentioned William E. Rhoton had sufficient mind and memory to know and appreciate the business he was engaged in, the extent and nature of the property he was disposing of in said will, and the persons he wished to make objects of his bounty, he would in law be deemed of sufficient mental capacity to execute a will, and you will answer question 1 'Yes.' If you do not so find from a preponderance of the evidence, you will answer this question 'No.'"

[7] This charge is sufficient, and if appellant desired a more definite or extensive charge, they should have prepared a proper one and requested it.

By assignments 13 and 14 it is urged that the court should have given in the connection next above the following charge:

"Do you find from a preponderance of the evidence that by false and fraudulent representations made by Mrs. M. A. Cleaves, in reference to the character and conduct of members of the Rhoton family, to Wm. E. Rhoton, deceased, prior to the signing of the written instrument dated December 9, 1915, the said Wm. E. Rhoton was induced to execute the said written instrument as his last will and testament? Answer yes or no.

"You are instructed in determining the above issue that you will consider all the facts and circumstances shown by the evidence, if any, proving or tending to prove, if they do, the issue above submitted to you."

[8] This was not a proper charge, because it is upon the weight of the evidence, and picks out one isolated transaction in evidence, and makes it a basis of the finding of the jury upon one of the main issues. This disposes of the nineteenth, which is to the same effect.

[9] The fifteenth and sixteenth complain of refusing a special requested charge. The issue was sufficiently covered by the main charge; it was therefore not error to refuse it.

The seventeenth and eighteenth are improperly grouped, but we have considered them, and are of the opinion that they are without merit.

[10] The twentieth to twenty-second, inclusive, urge that it was error to admit certain testimony. The record shows it to have been withdrawn by the court, and the agreed statement of facts does not contain it; therefore these assignments are without merit. Wiseman v. Baylor, 69 Tex. 67, 6 S. W. 743.

[11] The twenty-third charges that it was error to permit the deceased's sister to testify that their mother's brain was affected on account of measles settling upon her brain, and because of worry on account of their father's death. In this we can see no error; it was simply a matter of family history, and besides, we fail to see how it had any probative force against appellant's contention of undue influence upon deceased or as to

whether he had mental capacity to lawfully execute his last will as offered for probate.

Finding no error, the assignments are all overruled, and cause affirmed.