EDENS et al. v. CLEAVES et al. (No. 834.)

(Court of Civil Appeals of Texas. El Paso. Nov. 14, 1918.)

1. COURTS ⬦⟲387(3) — TIME FOR PERFECTING APPEAL—FILING BOND.

Where a cause was tried in the May term, which could not continue more than eight weeks,

and which term was adjourned June 28th, an appeal bond filed July 27th was not filed within 20 days after expiration of term, as required by Rev. St. 1911, art. 2084, and the Court of Civil Appeals did not acquire jurisdiction.

2. APPEAL AND ERROR ⬦⟲1185—JURISDICTION —FAILURE TO FILE APPEAL BOND IN TIME— SETTING ASIDE AFFIRMANCE.

A motion to set aside a judgment of affirmance and dismiss the appeal, because the appeal bond was not filed within the time fixed by Rev. St. 1911, art. 2084, and court acquired no jurisdiction, may be made at a subsequent term.

Appeal from District Court, El Paso County; Ballard Coldwell, Judge.

Will contest between Mrs. M. A. Cleaves and others, as proponents, and Mrs. Bettie Edens and others, as contestants. From a decree of the district court, on appeal from the probate court, admitting the will to probate, contestants appealed, and this court rendered judgment affirming the decree (202 S. W. 355). Contestants applied to the Supreme Court for writ of error, and their application was dismissed for want of jurisdiction. During the pendency of such application the proponents moved to dismiss the appeal and withdraw the opinion affirming. Opinion withdrawn, and appeal dismissed.

L. A. Dale, Hudspeth & Harper, and M. W. Stanton, all of El Paso, for appellants.

Lea, McGrady & Thomason, of El Paso, and John B. Littler, of Big Springs, for appellees.

HARPER, C. J. This action was instituted in the probate court by appellees to probate the will of W. E. Rhoton, deceased. The probate was contested upon the ground of unsound mind and undue influence. The will was probated, and an appeal was taken to the district court; and from the judgment sustaining the probate there, notice of appeal was given and bond was filed for appeal to this court.

March 21, 1918, upon hearing, we rendered an opinion affirming the proceedings, published in 202 S. W. 355. An application was thereafter filed in the Supreme Court for a writ of error. On October 17, 1918, this application was dismissed for want of jurisdiction, and, during the pendency of this application for writ of error before the Supreme Court, appellees filed their motion in this court to dismiss the appeal, and to withdraw the opinion affirming the case and to strike the cause from the docket, upon the ground that this court did not acquire jurisdiction, for the reason that the appeal bond was not filed in the district court within 20 days after adjournment of said court, as provided by article 2084, Revised Civil Statutes of Texas.

[1, 2] The cause was tried at the May term of the Sixty-Fifth district court, 1917, which term could not continue more than 8 weeks, and which was in fact adjourned June 28, 1917. The appeal bond, sought to be made

the basis of the appeal, was filed July 27, 1917, so the bond was not filed within 20 days after the expiration of the term; therefore this court has not acquired jurisdiction of this appeal. Hartsough-Stewart Construction Co. et al. v. Harty & Vogelsang, 183 S. W. 1. The opinion heretofore rendered is for that reason withdrawn. That the fact that this motion is filed at a subsequent term is not an objection to such action, see Nunez v. McElroy, 184 S. W. 531, and authorities there cited. The jurisdictional facts above noted did not clearly appear in the original transcript, but were brought to our attention by amended transcript since the opinion was written.

The appeal is dismissed.