### RANGER CISCO OIL CO. v. CONSOLIDATED OIL CO., OF TEXAS.*
### (No. 1295.)

(Court of Civil Appeals of Texas. El Paso. Feb. 16, 1922. On the Merits, March 16, 1922. Rehearing Denied April 13, 1922.)

1. **Appeal and error** ⛛387(3)—**Failure to file appeal bond within proper time held grounds for dismissing appeal.**

Where the term of court at which a case was tried ended February 5, 1921, and the appeal bond was filed April 1, 1921, it was not filed within the time limited by Vernon's Sayles' Ann. Civ. St. 1914, art. 2084, to confer jurisdiction on the appellate court, and the appeal must be dismissed.

On the Merits.

2. **Evidence** ⛛450(7)—**Parol evidence held admissible concerning ambiguity in written contract.**

In a suit for breach of a contract to drill an oil well, where a written contract stated that the well was to be drilled 1,700 feet deep at a certain price per foot, and provided that another price should be paid for drilling through lime, and though no depth was specified, oral testimony that the depth was to be 3,500 feet was admissible, since there was an ambiguity of the written contract as to the depth to which the drilling was to extend.

3. **Contracts** ⛛170(1)—**Parol testimony not admissible to show construction by parties of unambiguous written contract.**

Parol testimony is not admissible to show the construction placed on a written contract by the parties themselves where there is no ambiguity in the language of the instrument.

4. **Mines and minerals** ⛛109—**Refusal of peremptory instruction not error where evidence was conflicting as to meaning of a contract to drill oil well.**

In a suit for breach of contract to drill an oil well, where there was positive evidence pro and con as to the interpretation the parties put on the contract as to the depth to be drilled to secure oil in paying quantities, a refusal of a peremptory instruction for defendant was not error.

5. **Appeal and error** ⛛1002—**Verdict on conflicting evidence not disturbed.**

A verdict in a case in which there is positive evidence pro and con as to the interpretation

---

⛛For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction June 7, 1922.

put by the parties on a contract as to the depth to be drilled to secure oil in paying quantities cannot be disturbed on appeal.

**6. Damages ⚶120(3)—Party to a contract held entitled to recover amount expended thereon.**

In a suit for breach of a contract to drill an oil well, where defendant by getting tools and casing lodged in the well had made it impossible to drill to the depth contemplated, plaintiff was at least entitled to recover in damages the amount expended by him under the terms of the contract.

Appeal from District Court, Eastland County; Geo. L. Davenport, Judge.

Action by the Consolidated Oil Company of Texas against the Ranger Cisco Oil Company. From judgment for plaintiff, defendant appeals. Affirmed.

Alexander & Baldwin, of Fort Worth, for appellant.
Barker & Barker, of Cisco, for appellee.

HARPER, C. J. [1] This case was tried in Eastland county, Tex., at a term ending February 5, 1921.

The records show the appeal bond (supersedeas) to have been filed April 1, 1921; therefore not within the time fixed by Rev. Civ. Stat. (V. S.) art. 2084, for its filing in order to confer jurisdiction upon this court. For that reason the appeal must be dismissed; and it is so ordered. Edens v. Cleaves (Tex. Civ. App.) 206 S. W. 722.

### On the Merits.

[2] The Consolidated Oil Company of Texas brought this action against the Ranger Cisco Oil Company in the sum of $7,892.57 for breach of contract by defendant to drill an oil well to the depth of 3,500 feet unless oil or gas was found ·in paying quantities at a lesser depth.

Defendant answered by general and special exceptions, general denial, and specially denied that it agreed to drill the well to a depth of 3,500 feet; that the plaintiff failed and refused to pay $5 per foot or $50 per day, as it agreed to do by the contract, and for that reason it was forced to stop drilling to its damage, etc.

The case was submitted to a jury upon special issues, and upon the verdict judgment was entered for plaintiff for the amount sued for. Hence this appeal.

The parts of the contract ,pertinent to the points of law urged here are:

"(1) That the Ranger Cisco Oil Company, appellant, for the consideration of $2.50 per foot from 1,700 feet in said well, as agreed to be drilled to the top of the lime, * * * and the further consideration of one-half of all water, gas, and other necessary bills and expenses for drilling of this well from 1,700 feet to the top of the lime. The party of the first part hereby assigns and conveys 7½ acres of the said 10 acres to the party of the second part, but excepts and reserves 2½ acres, being a square in the S. E. corner of said 10-acre tract.

"(2) It is further agreed * * * that after said drilling * * * has reached the top of the lime that said party of the second part thereafter shall pay to first party $5.00 per foot or $50.00 per day, said payment being optional with party of first part for the further drilling of said well, in an effort to secure oil in paying quantities.

"(3) * * * If the well is a producer of oil in paying quantities, * * * the first party agrees to reimburse second party the amount expended in the drilling, * * * but if oil is not found in paying quantities the party of the second part agrees to pay one-half of the expense of drawing the pipe. * * *

"(4) Party of the first part agrees with due diligence and dispatch to continue the drilling of the said well to the depth herein specified in this contract."

The depth agreed upon is not specified in the contract. In this respect the plaintiff alleged:

"That the defendant agreed orally at the time said contract was made that said well would be drilled to the depth of 3,500 feet unless oil or gas were found in paying quantities at a lesser depth."

The court submitted the following special issues, and they were answered as indicated:

"(1) Was there an oral agreement entered into between plaintiff and defendant at the time the second contract in evidence was entered into that the well to be drilled would be drilled to the depth of 3,500 feet, unless oil or gas was found in paying quantities at a lesser depth? Answer Yes or No. Answer: Yes.

"(2) Did the plaintiff herein, at any time, fail or refuse to pay its proportional part of the expense of drilling the well through the lime? Answer Yes or No. Answer: No.

"(3) Did the plaintiff, through any of its authorized agents, notify defendant that it would not pay its proportional part of the expense of drilling the well through the black lime? Answer Yes or No. Answer: No."

. The first assignment charges error in permitting witness to testify to a verbal agreement to drill to a depth of 3,500 feet. The proposition is that evidence of a contemporaneous verbal agreement is not admissible to vary or add to the terms of a written contract.

[3] We recognize the law to be that parol testimony is not admissible to show the construction placed upon a written contract by the parties themselves where there is no ambiguity in the language of the instrument, and when the intention of the parties may be ascertained by the contract as written,

but we do not think that rule can be made applicable to the contract before us.

First, this contract is definite that the appellant should drill from a depth of 1,700 feet, at which the well then stood, to the top of the lime, but it clearly provides for a further drilling, and appellee contracted to pay $5 per foot or $50 per day thereafter, but as to what further depth shall be drilled the contract is silent so far as express words are concerned, but clearly the contract, when construed as a whole, means that the drilling shall continue to such depth as in contemplation of the parties oil might be found. The exact or approximate depth this might be is not specified so, to that extent, it is ambiguous, so it became proper for plaintiff in pleading a breach to allege and prove the meaning the parties themselves placed upon it at the time. McCaskey v. Schrock et ux. (Tex. Civ. App.) 225 S. W. 418; A., T. & S. F. Ry. Co. v. Fielder (Tex. Civ. App.) 158 S. W. 265. And it was not necessary to plead and prove mistake or fraud.

[4, 5] The assignments charging error in refusing peremptory instruction for defendant are overruled, because there is positive evidence pro and con as to the interpretation the parties put upon the contract at the time as to the depth to be drilled in carrying out the purposes of the contract, to wit, secure oil in paying quantities. In such cases this court cannot disturb the verdict.

It is again urged that there is no proof as to the measure of damages, and further that the amount recovered is not the true measure thereof, and for these reasons the requested peremptory instruction should have been given for defendant.

[6] A witness for plaintiff testified that the amount recovered was paid by plaintiff to defendant under the contract as the drilling progressed, and there is no evidence to the contrary. The proposition that the amount for which judgment was rendered is not the true measure of damages is not germane to any assignment, but we answer that the cost of finishing the well from 3,165 feet to 3,500 at $5 per foot, suggested by appellants as the true measure of damages, could not apply in this case, for the reason that the officers of defendant testify that tools and casing had been lodged in the well so that they could not drill any further, thus making, by their own acts, the contract impossible of performance. So the least possible amount of damages which appellee would be entitled to recover is the amount it actually expended. Henry Oil Co. v. Head (Tex. Civ. App.) 163 S. W. 311; Corbin Oil & Gas Co. v. Mull, 123 Ky. 763, 97 S. W. 385.

We believe this covers all of the questions presented. The other points raised are ruled by these observations wherever properly presented by assignment and proposition. The others are without support in the record; so must be overruled.

Affirmed.

---

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

