### COVINGTON OIL CO. et al. v. JONES.*
### (No. 8658.)

(Court of Civil Appeals of Texas. Dallas. June 3, 1922. Rehearing Denied July 1, 1922.)

**1. Mines and minerals ⬥109—Damages for failure to sink oil well to specified depth stated.**

The measure of damages for failure to sink oil well to contracted depth is the sum necessary to sink to that depth from depth where contractor stopped.

**2. Damages ⬥121—Complaining party entitled to damages upon establishing breach and proving sum required to complete contract.**

A complaining party, on establishing breach and proving the sum required to complete a contract, is entitled to such sum as damages.

**3. Mines and minerals ⬥109—Refusal to sink well to contracted depth not justified by contractors' belief no oil would be found by digging deeper.**

Contractors, agreeing to sink a well 2,000 feet in soil admitting this depth unless oil were discovered at lesser depth, cannot, on abandoning work at 1,420 feet, justify a refusal to complete the same on the theory that they did not believe oil would be found, and it would be waste of money to dig deeper.

**4. Damages ⬥117—Measure of damages is sum to place injured party in position he would have occupied had defaulting contractor performed.**

Measure of damages is the sum which will place injured party as nearly as possible in

the position he would have occupied had defaulting contractor performed.

Appeal from District Court, Hill County; Horton B. Porter, Judge.

Action by J. D. Jones against G. L. White and another doing business under the firm name of the Covington· Oil Company. Judgment for plaintiff, and defendants appeal. Affirmed.

Wear & Wear and Frazier & Averette, all of Hillsboro, for appellants.

J. D. Abney, of Hillsboro, for appellee.

SERGEANT, Special Justice. Appellee, J. D. Jones, and other landowners created oil and gas contracts upon their lands near Covington, in Hill county, Tex., in favor of Covington Oil Company, appellant. In order to procure the sinking of the test well on the particular 40 acres of land owned by appellee J. D. Jones, he, on April 18, 1917, entered into a contract with G. L. White and A. Trammell, carrying on business under the firm name of Covington Oil Company, for a consideration of $1,000 cash, then paid by said appellee to sink a well to a depth of 1,000 feet, unless oil or gas in paying quantities should be discovered at a lesser depth. And if no oil or gas should be found, but suitable water should be encountered, the well was then to be equipped as a water well and turned over to appellee. Appellant, G. L. White became the guarantor of the contract of the Covington Oil Company.

Appellants sunk the well to a depth of 1,420 feet, finding no oil, but discovering quite a supply of water. Shortly thereafter appellants declined to go deeper, claiming that the geological formation encountered indicated that 'no oil might be expected, and refused to sink the well to the 2,000 feet which they had contracted to do. Upon appellants' failure to drill the well to 2,000 feet, appellee brought his suit in the district court of Hill county, Tex., against appellants for damages for breach of contract, alleging his damages to be the amount of money it would cost to complete the well to the contractual depth. The evidence as to what this would cost varied from $2,500 to $25,000. The cause was submitted to the jury on special issues, and by their answer the jury found that it was possible to complete the well to the contractual depth, and that it would cost $3,000 so to do. Upon the findings of the jury, the court entered judgment in favor of appellee, J. D. Jones, against appellant Covington Oil Company for $3,000.

[1] The trial court held the proper measure of damages for the breach of the contract to be the amount of money necessary to complete the contract, that is to sink the well from 1,420 feet where the work stopped, to 2,000 feet, which was the depth it was agreed to be sunk. This we think was correct.

[2] Appellee having established a breach of the contract by appellants, and having proved the sum that would be required to complete its performance, was entitled to recover of appellants such sum as damages. North Healdton Oil & Gas Co. v. Skelley et al., 59 Okl. 128, 158 Pac. 1180; Corbin Oil & Gas Co. v. Mull, 123 Ky. 763, 97 S. W. 385.

[3, 4] The contract in this case obligated the appellants to drill the well to a depth of 2,000 feet, unless oil or gas in paying quantities should be discovered at a lesser depth. The well was drilled to 1,420 feet, and the work abandoned by appellants on the theory that they did not believe oil would be discovered at 2,000 feet or less, and that it would be a waste of money to dig any deeper than the 1,420 feet. The jury found that is was possible to sink the well to the contractual depth, and that it would cost $3,000 to do so. It was immaterial whether the well completed to a depth of 2,000 feet might have been a dry hole or an oil gusher, and a matter about which appellants could not justify their refusal to complete. Appellee had fully paid the consideration for the digging of the well, and was entitled to have his contract performed, or to be paid the sum necessary to enable him to sink the well, and, having received the full consideration therefor, appellants were bound to fulfill their agreement, or to pay appellee the sum necessary to enable him to have the contract performed. Chamberlain v. Parker, 45 N. Y. 569; Taylor v. N. P. C. R. Co., 56 Cal. 319; Henry v. Head (Tex. Civ. App.) 163 S. W. 311. The true measure of damages is that sum which will place the injured party as nearly as possible in the position he would have occupied if the defaulting party had performed the contract.

We think the trial court properly submitted the true measure of damages, and its judgment is therefore affirmed.