**MITCHELL, JONES & MAY v. DABNEY.**
**(No. 244.)**

Court of Civil Appeals of Texas. Eastland.
March 18, 1927.

1. **Appeal and error ⚼719(6)—Purported assignment, seeking to have appellate court search statement of facts to determine whether evidence supports verdict, does not present fundamental error.**

Purported assignment, which seeks to have appellate court search statement of facts to determine whether evidence is sufficient to support verdict, does not present question of fundamental error.

2. **Mines and minerals ⚼109—Where party contracting to drill oil well receives consideration and breaches contract, other party may recover cost of drilling.**

Where party contracts to drill well for oil or gas and receives consideration and then breaches contract, the other party may recover cost of drilling well, and party in default cannot defend on ground that no profit would have resulted from drilling well.

3. **Mines and minerals ⚼77—That there were no further operations on premises after defendants abandoned well justified finding that lease had been abandoned.**

That there were no further operations on premises after party contracting to drill well had abandoned well justified finding that lease had been abandoned.

Appeal from District Court, Callahan County; W. R. Ely, Judge.

Action by Mrs. M. M. Dabney against Mitchell, Jones & May. From a judgment for plaintiff, defendants appeal. Affirmed.

Hart & Lester, of Cross Plains, and W. C. Tisdale, of Baird, for appellants.

D. T. Bowles, of Breckenridge, for appellee.

PANNILL, C. J. Appellee brought suit to recover of appellants, composing a partnership, damages for the breach of an alleged contract to drill an oil and gas well. The petition avers that the original lease was purchased by her and three-fourths interest conveyed to defendants, and among other considerations for said conveyance to the defendants was that they would commence on the 13th of November, 1925, the drilling of an oil and gas well and complete the same with due diligence to a depth of 1,450 feet; that the defendants began the drilling of the well within the time provided by the contract, which was in writing, and drilled said well to a depth of 625 feet and abandoned the same and forfeited the original lease to the owner in fee, and claimed as damages accruing to her the cost of drilling a well, in the sum of $10,500. The appellants answered by general demurrer and general and special denial. There was a trial to the court without a jury, and judgment was for the plaintiff for $1,250.

Appellants present two alleged assignments of error, as follows:

"First. The court erred in rendering judgment against the defendants in the sum of $1,250, because the plaintiff made no proof of any injury resulting to her from the breach of contract. (Fundamental error not assigned heretofore.)"

"Second. The court erred in rendering judgment against the defendants in the sum of $1,250, the amount found to have been the value of plaintiff's interest in the mineral lease at the time of entering into the contract, because there was no proof that said lease was ever forfeited to the lessors. (Fundamental error not assigned below.)"

[1] It is obvious that these purported assignments, which were not filed in the district court and brought up in the transcript as required by law, do not raise any question of fundamental error. In each of them an attempt is made to have the sufficiency of the testimony reviewed on appeal. It is, perhaps, unnecessary to cite authorities to show that a purported assignment, which seeks to have an appellate court search the statement of facts to determine whether the evidence is sufficient to support the verdict, does not present a question of fundamental error.

[2] If these assignments had been presented as required by the rules, it would be necessary to overrule both of them. The proposition presented by the first is not tenable for the reason that, under the law, where a party contracts to drill a well for oil or gas and receives the consideration for the making of such an improvement and then breaches the contract, the other party is entitled to recover the cost of drilling the well, and the party in default cannot defend on the ground that no profit would have resulted from drilling the well. Covington Oil Company v. Jones (Tex. Civ. App.) 244 S. W. 287; All-American Oil Company v. Connellee (C. C. A.) 3 F. (2d) 107.

It appears from the record in this case that Mrs. Dabney had a contract for the purchase of an oil and gas lease on certain premises for a certain sum; that the owners of the property demanded the payment of an additional sum; that the appellants agreed to pay the additional sum, and, in addition thereto, drill a well free of cost to Mrs. Dabney for three-fourths interest in the lease. This proposition was accepted by all parties and the lease was executed, granting to appellants a three-fourths interest therein and to Mrs. Dabney one-fourth; appellants also entering into a written contract with Mrs. Dabney agreeing to drill a well as stated above. Appellants began the well and drilled it to a depth of 625 feet, abandoned it, plugged it, drew the casing, and removed all material therefrom.

⚼For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[3] There was evidence that the cost of drilling a well to the depth contracted for was $10,500. While there was no direct evidence, it appears circumstantially that after the abandonment by appellants of the well there was no further operation on the premises, and this was sufficient, under the rule laid in Texas Company v. Davis, 113 Tex. 321, 254 S. W. 304, 255 S. W. 601, to justify a finding that the lease had been abandoned. This state of facts, recited in substance above, was admitted by the appellants, and it does not appear that they are in any position to complain at the amount of the judgment against them, as the testimony would, under the rule laid down in Covington Oil Company v. Jones, supra, have sustained a judgment for a substantially larger amount in appellee's favor than that awarded to her by the court.

Finding no reversible error, the judgment of the trial court is affirmed.