POYNOR et al. v. UNITED PRODUCERS' PIPE LINE CO. (No. 506.)

Court of Civil Appeals of Texas. Eastland. Sept. 21, 1928.

426

Grisham Bros., of Eastland, for appellants.
John J. Hiner and Wm. Pannill, both of Fort Worth, for appellee.

FUNDERBURK, J. This case is before us upon motion of appellee to strike out appellants' brief and to affirm the judgment of the trial court, which sustained a plea of privilege and transferred the case from Eastland county to Tarrant county, the alleged domicile of the appellee. The ground of the motion to strike out appellants' brief is the failure of appellants to file any assignments of error. The answer of appellants to the motion contends that the record presents a case of fundamental error apparent of record, therefore not necessary to be presented by any assignment of error.

As the matter is presented to us, we think we may take it as conceded that, unless the record does present a case of fundamental error, the motion should be sustained. Appellants make the point that the controverting affidavit alleges that appellee is a corporation duly incorporated under the laws of the state of Texas, and that, there being no verified plea denying that appellee is a corporation, the fact that it is duly incorporated is, under operation of the statute, established as a matter of record. This presents an interesting question. The proposition appears to have some support in the opinion of Judge Harvey, approved by the Supreme Court, in Greenville Gas & Fuel Co. v. Commercial Finance Co. (Tex. Com. App.) 298 S. W. 550. In that case there was involved the authority of a vice president of a company to execute certain endorsements of notes. The controverting affidavit specifically alleged that the vice president had authority from the company to execute the endorsements. A supplemental pleading was filed by the adverse party denying under oath such authority. Under these facts it was stated that:

"In the absence of an affidavit by the defendant, denying the execution of the indorsements, the writings themselves would have supplied the required proof of this fact, by virtue of the provisions of article 3734 of the Revised Statutes 1925."

It has been the view of this court that, giving full effect to the statute governing pleas of privilege, a plea of privilege itself constitutes a denial of every fact that would authorize a suit to be maintained in the county where brought, and that this would include the burden of proving the fact of incorporation of the company, if such were material on the question of venue. Ketner v. Radford Grocery Co. (Tex. Civ. App.) 299 S. W. 680.

But it is not necessary for us here to determine this question. If the fact that appellee is a corporation be conceded to be a matter of record, it is not determinative of the issue presented. The suit cannot be maintained against appellee in a county other than that of its domicile, simply from the fact that it is a corporation. There must be a concurrence of other facts. Whether or not such other facts exist can only be determined in the case before us by an examination of the statement of facts. We regard it as settled that fundamental error apparent of record does not exist, where it is necessary to read the statement of facts to discover the error. Mitchell, Jones & May v. Dabney (Tex. Civ. App.) 294 S. W. 243; United States, etc., Co., v. Farris (Tex. Civ. App.) 297 S. W. 575; Ford & Damon v. Flewellen (Tex. Com. App.) 276 S. W. 903.

We are not impressed with the suggestion that this rule is affected by the fact that the statement of facts is short. We are therefore of opinion that appellee's motion should be granted, and, there appearing no error of record, the judgment of the trial court should be affirmed; and it is accordingly so ordered.