## STOCKYARDS NAT. BANK OF FORT WORTH et al. v. ALEXANDER et al.

No. 3166.

Court of Civil Appeals of Texas. Beaumont.

Feb. 4, 1938.

Rehearing Denied Feb. 16, 1938.

Wardlaw & Wardlaw, of Fort Worth, and W. C. Kirk, of Chicago, Ill., for appellants.

Stevenson, Baker & Knetsch, and M. E. Blackburn, all of Junction, and W. H. Lipscomb, of San Angelo, for appellees.

WALKER, Chief Justice.

This suit was filed in Kimble county by appellees, W. S., John, W. G., and Ella Alexander, against appellants, Stockyards National Bank of Fort Worth and Fort Worth Cattle Loan Company, for damages for breach of contract. For cause of action they alleged that appellants were corporations, domiciled in the city of Fort Worth; that W. L. Pier was president of both corporations; that they were indebted to appellants in the sum of $216,000, less a payment of $60,000; that they were in the cattle and general stock business, and for security for their debt appellants held a mortgage against their stock; that, acting for his corporations as their president, W. L. Pier agreed with them to supply them with sufficient funds to operate their business from August 1, 1933, to August 1, 1934; and that appellants breached this contract, to their great damage, for which they prayed judgment. Appellants filed their plea of privilege to be sued in Tarrant county, the county of their domicile, in fact and as alleged by appellees. Appellees filed their controverting affidavit, pleading in substance the facts alleged in their petition, and making their petition a part of their controverting affidavit. The plea of privilege was overruled and appellants perfected their appeal to the San Antonio Court of Civil Appeals. This case is on our docket by order of transfer by the Supreme Court.

## Opinion.

██ A sworn plea of privilege, containing the statutory essentials, operates as a denial of every fact necessary for plaintiff to establish in order to support his venue. Chambers v. First National Bank, Tex.Civ.App., 104 S.W.2d 58. Appellees' proof failed to meet the full measure of this proposition in the following respects: (1) The proof showed that W.

L. Pier was president of the two appellant corporations, but there was no proof that he had authority, as president, to make the contract sued upon. On this point it was said in First National Bank v. Slaton Independent School District, Tex.Civ.App., '58 S.W.2d 870, 875:

" 'The President, unless specially empowered, cannot enter into contracts or agreements on behalf of a corporation. Authority so to do may, however, be conferred on him by the charter, by vote of the board of directors, or by the existence of such facts as constitute a public holding out and warrant the public in believing that the undertaking is within the scope of his legitimate delegated authority.' 1 Morse on Banks & Banking (6th Ed.), page 381.

" 'Where it is sought to hold the bank liable, either facts must be pleaded and proved from which it may be concluded that the officer had apparent authority or express authority must be alleged and shown. The burden of proof is upon him who alleges authority; in the absence of proof no presumption of authority will be indulged.' 6 Tex.Jur. 205."

██ (2) Appellees failed to prove that appellants were duly incorporated, as alleged in their controverting affidavit. In Poynor v. United Producers' Pipe Line Co., Tex.Civ.App., 9 S.W.2d 425, 426, the court said: "It has been the view of this court that, giving full effect to the statute governing pleas of privilege, a plea of privilege itself constitutes a denial of every fact that would authorize a suit to be maintained in the county where brought, and that this would include the burden of proving the fact of incorporation of the company, if such were material on the question of venue. Ketner v. J. M. Radford Grocery Co., Tex.Civ.App., 299 S.W. 680."

██ (3) Appellees failed to prove that their alleged cause of action was on a valuable consideration. They proved that appellants would receive interest on their indebtedness for the extension period of one year, but, under their proof, they had the right at any time during the extension period to pay their indebtedness in full. In Kirby v. American State Bank, Tex. Com.App., 18 S.W.2d 599, 600, the court said: "Where an extension for a definite period is agreed to by the parties, the effect is to consummate a contract obligating the creditor to forbear suit during the

time of the extension, and binding the debtor to forbear his right to pay the debt before the expiration of the extension period. This principle is clearly enunciated by Chief Justice Gaines, in Benson v. Phipps, 87 Tex. 578, 29 S.W. 1061, 47 Am.St.Rep. 128."

Appellees did not allege that, relying on the contract, they changed their position, incurred new obligations, etc.

We think the proof was sufficient to support a fact conclusion that the contract was breached in Kimble county, and, on the face of the record, it reasonably appears that appellees, on another trial, can support by evidence all the essential venue facts.

The judgment of the lower court is reversed and the cause remanded for a new trial.

Reversed and remanded.