**WARNER v. FIRST NAT. BANK OF BOWIE.**

**No. 14097.**

Court of Civil Appeals of Texas. Fort Worth.

May 31, 1940.

Rehearing Denied Sept. 6, 1940.

Montague & Fannin, of Fort Worth, for appellant.

T. B. Coffield, of Bowie, for appellee.

BROWN, Justice.

This is an appeal from the overruling of a plea of privilege presented by Monte Warner.

The First National Bank of Bowie (Montague County), Texas, brought suit in the District Court of Montague County against Abe Anderson, a resident citizen of said county, and against Monte Warner, alleging that Warner made, executed and delivered to Anderson a certain draft in writing, as follows:

"The San Angelo National Bank, San Angelo, Texas. February 4th, 1930.

"Subject to approval of title by purchaser's attorney for one-half (1/2) royalty, Section 37, Block Y., T. C. Ry. Survey, Upton County, Texas, pay to the order of Abe Anderson ($9,600.00) Ninety-six Hundred and no/100 Dollars, with exchange. Value received and charge to account of Monte Warner.

"To Monte Warner, San Angelo National Bank, San Angelo, Texas."

It is alleged that subsequent to February 4, 1930, and on or prior to March 10, 1930, the defendant Abe Anderson transferred and endorsed in blank the above mentioned draft and delivered same to The City National Bank of Bowie, Texas, for a valuable consideration, and said last named bank sent the draft in the usual course of business to The San Angelo National Bank at San Angelo, Texas, for payment, but same was dishonored, and payment thereof was refused, "and the same is to this date in all respects due, owing and unpaid."

These allegations are followed by those stating that the draft was presented to Monte Warner, to The San Angelo National Bank and to Abe Anderson, and payment was "demanded from each and all of said parties but payment thereof has been in all things denied and refused, and each and all of said defendants had due notice of non-payment thereof."

There follow allegations to the effect that subsequent to these alleged occurrences the draft and all rights and privileges in and to same were duly assigned to the plaintiff, The First National Bank of Bowie, and prayer is for judgment against Anderson and Warner.

It is the bank's contention that venue lies in Montague County as against Warner's plea of privilege for the following reasons:

(1) That Anderson and Warner are jointly liable to the bank, that Anderson is a resident citizen of Montague County, and a joint cause of action is alleged against both the defendants, and venue is controlled by subdivision 29a of Art. 1995, Rev.Civil Statutes, Vernon's Ann.Civ.St. art. 1995, subd. 29a.

The contention is not good. The bank's cause of action against Anderson is bottomed on the sale to it of a draft made payable to Anderson which was not paid when presented.

If there could be pleaded a cause of action against Warner, it would of necessity be bottomed on Warner's wrongfully refusing to pay the draft.

The draft set out in haec verba in the petition discloses on its face that its payment was conditioned upon "the approval of title by purchaser's attorney for one-half (1/2) royalty, Section 37, Block Y., T. C. Ry. Survey, Upton County, Texas," and to plead a cause of action against Warner it was necessary to allege that the attorney approved the title and then Warner refused payment of the draft. This was not done and we hold that no cause of action against Warner was pleaded.

(2) It is next contended that when the suit was instituted Warner was a resident of the State of California, or some other State than Texas, and was not to be found in Texas, until Warner was served with citation in 1938; that the plaintiff is a National Bank and at all times had its principal place of business in Montague County, in which county the suit was brought, and therefore venue is properly laid in such county under subsection 3 of said Article 1995.

There is no merit in this contention, because the only petition in the record (being the one on which the issue is drawn) is the plaintiff's Second Amended Original Petition, which was filed "in lieu of all petitions hereinbefore filed," and it specifically alleges the residence of Warner as "in Dallas County, Texas, where service of citation may be had upon him."

We do not know, nor can we be advised, as to the contents of the two petitions that preceded the one on which the plaintiff relies, and must rely, insofar as the transcript is concerned, but we do know that Warner was never brought into the case, nor was he ever required to plead or answer until he was served with process under the last filed petition, when he was sued as a resident citizen of Dallas County and served with process under such pleading. So much for the pleadings and their disclosures. But it appears from the Statement of Facts that the Original Petition, filed July 24, 1931, only made Anderson a party defendant and nowhere mentioned Warner, and that the next petition, which was filed June 10, 1933, being unnamed, makes Warner a party defendant and alleges his residence to be in Tom Green County, Texas.

(3) It is next contended that the suit is brought against two defendants, one of whom resides in Montague County, and therefore venue in such county is laid under subsection 4 of said Article 1995.

But this subsection specifically provides: "The transfer or assignment of a note or chose in action shall not entitle any subsequent holder to sue thereon in any other county than that in which such suit could have been prosecuted if no assignment or transfer had been made."

This draft, if it was payable, and if its payment could have been enforced as against Warner, must of necessity have been through a suit against Warner, and it cannot be successfully contended that such suit could have been maintained by Anderson in Montague County, as against Warner's plea of privilege, and his assignee occupies no better position than he.

The following authorities support our conclusions on the points raised: Subsection 4, Article 1995, R.C.S.; Duvall v. Boyer, Tex.Civ.App., 35 S.W.2d 181; 6 Tex.Juri., section 248, page 914, and cases cited; Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300. Sub-section 29a has to do with necessary parties. The Supreme Court definitely concludes, as is shown by the opinion in Henderson Grain Co. v. Russ, 122 Tex. 620, 64 S.W. 2d 347 (Com. of App., opinion by Justice Critz, and adopted):

Warner was not a necessary party in the suit against Anderson for the sale by him of a draft, payable to his order, which was not paid. If Warner rightfully denied payment, Anderson would still be liable to the bank, to whom he sold a worthless draft, and there is no pleading showing that Warner owes payment.

A plaintiff cannot insert and rely upon a new and different cause of action, in his controverting affidavit, from that disclosed by his petition. Jones v. Caldwell, Tex.Civ.App., 42 S.W.2d 1052, and cases cited.

We observe further that plaintiff's petition nowhere alleges that Warner is a nonresident of the State of Texas, or that his residence is unknown, and also that plaintiff introduced no evidence tending to show that it is incorporated or that its domicile is in Montague County.

The plea of privilege put all of those alleged facts in issue and the plaintiff failed to make proof. Stockyards Nat. Bank of Fort Worth v. Alexander et al., Tex.Civ.App., 113 S.W.2d 288.

We do not see the necessity for further statement or authorities.

The judgment of the trial court overruling Warner's plea of privilege is reversed and the cause is remanded to the district court, with instructions to transfer the suit as to the defendant Warner to the district court of Dallas County.