## TUNSTILL v. PELTON.
### No. 11233.

Court of Civil Appeals of Texas. Galveston.

Oct. 9, 1941.

Rehearing Denied Oct. 30, 1941.

Richard Owens, of Fort Worth, for appellant.

Clark. Craik, Burns & Weddell, of Fort Worth, for appellee.

GRAVES, Justice.

This appeal is from a $5,250 judgment against appellant, and in favor of the appellee, entered by the 55th District Court of Harris County partly upon a jury's verdict in response to four special issues submitted, and partly upon independent findings of the court itself from the pleadings and evidence.

The litigation grew out of the dealings these two parties had under certain contracts between them with reference to certain oil and gas leases in Bee County, Texas, known as the Weiss leases, the contracts being of dates, respectively, July 24 of 1934, August 27 of 1934, and September 14 of 1934, whereunder, in general, the appellee was to furnish the money and the use of his car in clearing up the titles to such leases for their joint benefit, and in return therefor the appellant was to repay him for all such advances and expenses, as well as to assign him a specified $\frac{1}{3}$ interest in a $13,-000 commission claim he held against W. P. McLean, Sr.

The action was one brought by the appellee against the appellant on the contract declared upon, that is, the one of date August 27 of 1934, alleging the complete breach, abandonment, and repudiation thereof by the appellant, and seeking to recoup in damages the actual losses cast upon him by such breach, that is, these three specified items: "The sum of $1500.00 expenses advanced, the sum of $500.00 for the use of appellee's automobile, and the further sum of $4,333.-33, being one-third of the reasonable value

of appellant's claim against the said W. P. McLean."

In other words, he did not sue for lost profits, but only for the return of his outlays on the car service, the joint expenses, and "one-third of the reasonable value of defendant's claim against the said W. P. McLean".

After hearing the cause, the trial court submitted what it deemed to be the material fact issues developed by the pleading and evidence to the jury in the four issues referred to, which, together with the jury's answers thereto, were as follows:

"Special Issue No. 1. What do you find, from a preponderance of the evidence, was the reasonable value of the use of plaintiff's car while same was used in furthering the objects and purposes of the contract dated August 27, 1934?

"Answer by stating the amount in Dollars and cents, if any you find.

"Answer: $500.00.

"Special Issue No. 2. What do you find, from a preponderance of the evidence, was the amount of money expended by the plaintiff in furthering the objects and purposes of the contract dated August 27, 1934?

"Answer by stating the amount in dollars and cents, if any you find.

"Answer: $1500.00.

"Special Issue No. 3. Do you find from a preponderance of the evidence that the defendant settled said commission claim with said W. P. McLean, Sr.?

"Answer Yes or No.

"Answer: Yes.

"Special Issue No. 4. Do you find from a preponderance of the evidence that the consideration as between plaintiff and defendant in the contract of September 14, 1934, was the cancellation of all prior obligations and amounts due under prior contracts?

"Answer Yes or No.

"Answer: No."

It thus appears that the court deemed the August 27th contract to be the determinative one as between the rival claims of the parties, and, in rendering its stated judgment, added to the aggregate $2,000 found by the jury under issues 1 and 2, the sum of $3,250, the court independently found upon the predicate of the jury's answer to special issue No. 3, to be ¼ of the face amount of the McLean commission claim, which it determined the appellee was entitled to because

appellant had settled and appropriated the entire proceeds of that claim to his own benefit exclusively, thereby making up the $5,250 so awarded the appellee.

In inveighing here against the judgment so rendered, the appellant reduces his contentions to these three:

"First, that the appellee, who was the plaintiff below, alleged in his petition one contract, and on the trial proved another contract at variance therewith.

"Second, that $3,250.00 of the judgment rendered against defendant is not sustained by either the evidence or the verdict.

"Third, that the trial court made certain errors in its charge."

A careful review of the record convinces this court that none of these presentments should be sustained, but that the record supports the contrary conclusions arrived at by the trial court.

In substance, the claim for variance between the pleading and proof is that appellee declared upon a contract dated July 24 of 1934, whereby appellant agreed to repay him certain moneys advanced by appellee, including reasonable compensation for the use of the latter's automobile, and also sued for $4333.33 as ⅓ of the reasonable value of appellant's claim against McLean, which had been assigned to appellee; whereas, on the trial appellee offered in substantiation of that pleading the contract dated August 27 of 1934, which provided for reimbursement to the appellee for all advances he had made under such contract "out(of the first money or property received or recovered in any manner under such contract", it being added that the appellee did not prove that any money or property had been recovered under such contract, nor did he prove the reasonable value of appellant's claim against McLean.

Obviously, it is thought, this view is inept, for these among other reasons:

(1) The pleading itself shows the allegation to have been, merely, that the agreement had been made between the parties "on or about the 24th day of July, 1934, and there was evidence showing that it had been made on or about that date and reduced to writing on or about August 27, 1934.

(2) The appellant urged no assignment against the admission of the contract dated August 27, 1934;

(3) When the contract of August 27, 1934, was offered in evidence, the appellant

neither pled surprise, nor made any request for a continuance on account thereof, but took his chances on a trial before the jury with the record in the condition stated;

(4) The appellant himself specifically declared this contract of August 27 of 1934, as well as the preceding agreement of July 24 of 1934, going into minute detail as to the provisions of each and the interdependence of each upon the other, setting out in particular that the later one of August 27th superseded or took the place of the earlier one of July 24, wherefore, such pleadings of the appellant himself may be looked to in explanation or aid of any deficiency with reference to either in the appellee's pleading;

(5) Indeed, the appellant filed a trial amendment, in which he declared that the contract of July 24th had not only been superseded by that of August 27th, but further that thereafter, by mutual consent, the contract of August 27th had been cancelled and that he and the appellee had entered into a new one dated September 14, 1934, which had superseded all previous contracts between them;

(6) The jury, in answer to quoted issue No. 4, supra, found that the purported contract of September 14 of 1934 had not cancelled the pre-existing one, so that, as the court properly determined, by the appellant's own averments, the contract of August 27th alone remained as the determinative one by which the rights of the parties were to be measured.

These authorities are thought to support the first four of the conclusions stated: Rule of Practice and Procedure; Geistmann v. Schkade, Tex.Civ.App., 121 S.W. 2d 494, 496; Hardy v. Kansas Mfg. Co., Tex.Sup., 18 S.W. 157; 10 Texas Civil Jurisprudence, p. 521, Par. 302; 10 Texas Civil Jurisprudence, p. 495, par. 287; Berryman v. Flake, Tex.Civ.App., 20 S.W.2d 803; Blair v. Bird, Tex.Civ.App., 20 S.W.2d 843.

■ The objections under appellant's propositions 2 and 3, to the effect that the court erred in submitting special issues Nos. 1 and 2 to the jury, on the ground that these issues assumed, respectively, that appellee's car was used and that he himself did expend money in furthering the objects and purposes of the contract of August 27 of 1934, are not well taken, because the undisputed evidence was to the effect that appellee's car was so used and that he did so spend his money, indeed, the appellant himself admitted both such facts, wherefore the only dispute remaining was as to how much the car had been so used and how much money was so spent.

The complaint against the submission of special issue No. 3, "because no competent evidence was introduced at the trial showing that appellant had settled his claim with W. P. McLean" is overruled upon the finding that the evidence was not only sufficient to support the submission of that issue to the jury, but, as well, was ample to sustain the verdict returned thereon; indeed, while it would be beyond the requirements for this court to undertake either a restatement or even a resume of that testimony here, it is deemed sufficient to say there was ample support for this finding, in purport, that appellant not only so settled his claim with McLean, but secured $1,000 in cash and a 1,000-acre lease of the value of $10 to $15 per acre therefrom, such results being denied only by himself.

■ Appellant's concluding propositions 5 and 6, to the effect that the trial court erred in refusing submission of his requested jury issues as to the amounts recovered by himself under the contracts in suit, without having elicited what such amounts, if any, were, in entering the $5,250 judgment against him, which had been compounded from the $500 for automobile damage, the $1,500 for expenses paid out, and $3,250 for ¼ of appellant's commission claim against McLean, ⅓ of which had been assigned by him to appellee, are overruled as based upon errors of both fact and law.

In the first place, the claimed factual hiatus as to the lack of evidence supporting the court's implied finding that the appellant got at least $3,250 out of his settlement of the McLean claim on terms satisfactory to himself alone, has already been adversely disposed of under the finding stated supra that there was plenty of evidence, indeed, a plethora of it, to show that he in fact got many times that amount; on this feature, appellant is also inept in ignoring the vast body of evidence on this question, which, though not submitted to the jury for a finding thereon, was presumably utilized by the court itself in making its stated independent finding that at least $3,250 was realized by this appellant out of that settlement of the McLean claim the jury found under issue No. 3 to have been made.

■ In the next place, and irrespective of such supported fact finding that at least $3,250 was so realized therefrom, the appellant having breached and repudiated the

contract in its entirety, and having settled his commission claim with McLean on terms satisfactory to himself, the proceeds from which he so appropriated to his own exclusive benefit in disregard of the appellee, as a matter of law flowing from such established facts, he became liable to the appellee, not only for the latter's services rendered and money advanced, but also for the interest in the McLean commission claim, which he had assigned to the appellee, and which he guaranteed to be a valid one, even had he not realized the sums he was so shown to have gotten from his individual settlement of it.

These authorities, without further discussion, are cited as clearly supporting this conclusion in the established circumstances here obtaining: McAnally v. Person, Tex. Civ.App., 57 S.W.2d 945; Letot v. Edens, Tex.Civ.App., 49 S.W. 109; Henry Oil Co. v. Head, Tex.Civ.App., 163 S.W. 311; Covington Oil Co. v. Jones, Tex.Civ.App., 244 S.W. 287, writ dismissed; Ranger Cisco Oil Co. v. Consolidated Oil Co., Tex.Civ.App., 239 S.W. 648; Harris v. Wheeler, Tex.Civ. App., 255 S.W. 206, 211, reversed by Supreme Court on other grounds, Tex.Com. App., 267 S.W. 465; Clark v. Cooper, 197 Ky. 530, 247 S.W. 929; Marvin v. Rogers, 53 Tex.Civ.App. 423, 115 S.W. 863; Park v. Swartz, 110 Tex. 564, 222 S.W. 156; Empire Gas & Fuel Co. v. Pendar, Tex.Civ. App., 244 S.W. 184, writ dismissed; 6 Ruling Case Law, Section 326; Security Banking & Investment Co. v. Flanagan, Tex.Civ. App., 241 S.W. 702.

The trial court's judgment will be affirmed.

Affirmed.