### MURPHY v. HOOD.   (No. 1469.)

(Court of Civil Appeals of Texas. El Paso. April 19, 1923.)

Appeal and error ⬤⇒753(2)—Case affirmed, no assignment of error appearing in record and no fundamental error disclosed.

Where no assignments of error are found in the record as required by Vernon's Sayles' Ann. Civ. St. 1914, art. 1612, and the rules for briefing cases in the Courts of Civil Appeals, appellant stating in his brief that there was little to assign other than what is set up in the bills of exceptions, and the record disclosed no fundamental error, the case will be affirmed, as assignments of error perform separate work from that of bills of exceptions.

Appeal from Scurry County Court; Horace Holley, Judge.

Action by C. J. Murphy against J. A. Hood. Judgment for defendant on his cross-action, and plaintiff appeals. Affirmed.

---

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Rosser & Smith, of Snyder, for appellant.
R. L. Johnson, of Fairfield, for appellee.

WALTHALL, J. C. J. Murphy brought this suit in the county court against J. A. Hood, to recover the value of certain personal property alleged to have been converted by Hood. Hood answered by general denial, and filed a cross-action against Murphy, stating therein the items of this alleged indebtedness.

The case was tried without a jury, resulting in a judgment that Murphy take nothing by his suit against Hood, and that Hood recover against Murphy the sum of $30 on his cross-action, and costs of the suit. Murphy prosecutes this appeal.

No assignments of error are found in the record, as required by article 1612, Vernon's Sayles' Texas Civil Statutes, and the rules for briefing cases in these courts. Appellant says in his brief:

"We assign no long list of errors, * * * since the case was short and composed of but few facts. There was but little to assign other than what is set up in our two bills of exceptions."

Assignments of error perform separate and distinct office work from that of bills of exception, and one cannot take the place of the other. Evans v. Houston Oil Co. (Tex. Civ. App.) 211 S. W. 605.

An inspection of the record discloses no fundamental error.

The case is affirmed.