**HILGENBERG v. HERRING.　(No. 1510.)\***

(Court of Civil Appeals of Texas. El Paso. Oct. 25, 1923. Rehearing Denied Dec. 13, 1923.)

**1. Appeal and error ⬅⟶745—Assignments not filed not considered, though contained in brief.**

Assignments of error in appellant's brief, not filed with the clerk below before transcript was taken from his office, as required by the statute, and Court of Civil Appeals rules No. 23–31 will not be considered.

**2. Appeal and error ⬅⟶719(1)—Errors apparent on record only considered in absence of assignments of error.**

In the absence from the record of assignments of error, the Court of Civil Appeals can consider only such error of law as may be apparent on the record.

**3. Work and labor ⬅⟶9—Trucking contractor held entitled to recover reasonable value of services on driller's breach.**

Trucking contractor, who hauled material and equipment to be used in drilling of oil well, on well driller's agreement to drill well and deliver to trucking contractor a certain percentage of the oil or gas produced, could recover the reasonable value of his services on driller's failure to drill well.

Appeal from District Court, Eastland County; Geo. L. Davenport, Judge.

Suit by W. D. Herring against L. W. Hilgenberg. Judgment for plaintiff, and defendant appeals. Affirmed.

S. W. Pratt, of Cisco, and G. W. Dunaway, of Fort Worth, for appellant.
Butts & Wright, of Cisco, for appellee.

WALTHALL, J. W. D. Herring brought this suit against L. W. Hilgenberg to recover the value of certain hauling or trucking certain rig timbers, drillers tools, and certain lumber pertaining to an oil well, done by him for Hilgenberg, at the latter's instance and request, in the sum of $1,305.

Hilgenberg answered by plea in abatement to the effect that he and Herring were partners in the drilling of an oil well, and praying that other parties named be made parties to the suit. He further answered by demurrers, general and special, and to the effect that Herring was to receive, in lieu of money compensation for the hauling done, a specified interest in an oil well to be thereafter drilled. He further answered by general denial. Herring denied the partnership relation; alleged that it was true that he had agreed to accept as compensation for his services a certain interest in the production of the well to be drilled by Hilgenberg, but that Hilgenberg had failed and refused to drill the well, and that, by reason of such failure and refusal to drill the well, he was entitled to recover the value of his said services rendered.

The case was tried without a jury, and judgment was rendered for Herring and against Hilgenberg for the sum of $1,191.77, with interest from the date of the judgment. At the request of Hilgenberg the trial court filed his findings of fact and conclusion of law. The facts found by the court are substantially as follows:

(1) Herring and Hilgenberg entered into an agreement, by the terms of which Herring was to do all the hauling in connection with the drilling to completion of a certain oil well, and that in consideration therefor Hilgenberg was to drill the well to completion, and deliver to Herring one-sixteenth of the product therefrom of oil or gas.

(2) Pursuant to the agreement, Herring hauled the material as requested by Hilgenberg, and that the reasonable value of the service rendered was $1,165.

(3) Hilgenberg did not drill the well, nor did Herring agree that the well should not be drilled, nor waive any rights he might have for compensation under the terms of the contract.

(4) Herring made no contract nor entered into any agreement with parties named in the plea in abatement, other than Hilgenberg.

The court concluded that a partnership did not exist between Herring and Hilgenberg, and that Herring ought to recover of Hilgenberg $1,165 with interest.

From the judgment rendered appellant prosecutes this appeal.

[1, 2] Neither a motion for a new trial nor assignments of error are found in the record. Notice of appeal is not found in the transcript, but it is made to appear by a certified transcript from the judge's trial docket and by affidavit of the trial judge that notice of appeal was in fact given. Ap-

---

⬅⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction February 6, 1924.

pellant's brief presents three assignments of error, but assignments found only in the brief do not supply the requirement of the statute that proper assignments of error must be filed with the clerk below before the transcript is taken from the clerk's office, and a similar provision by rules 23 to 31 for Courts of Civil Appeals. In the absence from the record of assignments of error this court can consider only such error of law as may be apparent upon the record. Murphy v. Hood (Tex. Civ. App.) 250 S. W. 746; Hunt v. Dunlap (Tex. Civ. App.) 248 S. W. 760, and cases cited.

The evidence is sufficient to sustain the findings made by the court.

[3] On a search for fundamental error, we think the principle of law stated by Mr. Justice Speer in Henry, Oil Co. v. Head (Tex. Civ. App.) 163 S. W. 311, applicable here; to the effect that appellant had received from the appellee, acting under their contract, services in hauling the material to the place where the well was to be drilled by appellant, the value of the services rendered, for which services appellant undertook to do a specific thing—drill the well— and which appellant failed to do. The least that can be expected of the appellant is that he should pay the reasonable value of the services received. The amount for which the judgment was rendered is the value of the services found to have been actually rendered by appellee, and received by appellant, and we can see no cause for complaint.

Finding no fundamental error, the case is affirmed.