L. W. HILGENBERG v. W. A. CUNNINGHAM. (No. 1511.) (Court of Civil Appeals of Texas. El Paso. Oct. 25, 1923.) Appeal from District Court, Eastland County; Geo. L. Davenport, Judge. G. W. Dunaway, of Fort Worth, and S. W. Pratt, of Cisco, for appellant. Butts & Wright, of Cisco, for appellee.

WALTHALL, J. This is a companion case to that of Hilgenberg v. Herring, 256 S. W. 633, this day decided by this court; this case being similar to that in all matters there presented and decided. In this case a judgment was rendered for Cunningham, plaintiff below, against Hilgenberg, defendant below, from which judgment the defendant prosecuted this appeal. The judgment of the trial court is in all things affirmed, for the reasons assigned in said cause.

HOWARD TOOL WORKS v. D. M. HOWARD. (No. 1647.) (Court of Civil Appeals of Texas. El Paso. May 29, 1924. Rehearing Denied June 26, 1924.) Appeal from Eastland County Court at Law; J. H. Jones, Judge. J. R. Stubblefield, and Chas. C. Robey, both of Eastland, for appellant. Burkett, Orr & McCarty, of Eastland, for appellee.

HIGGINS, J. D. M. Howard, appellee, filed this suit against appellant, the Howard Tool Works, a corporation, alleging that on December 29, 1921, he was employed by appellant, and continued in its service until March 18, 1922, at an agreed salary of $60 per week, and that there was a balance due him of $724.41, for which amount he prayed judgment, together with foreclosure of a mechanic's lien upon appellant's equipment, situate upon a described tract of land. Appellant answered by general denial and a special plea in set-off, to the effect that subsequent to March 18, 1922, appellee fraudulently collected and appropriated a claim of the Howard Tool Works against the Gordon Petroleum Company, amounting to $752.10; also a cross-action, not necessary to detail. The court peremptorily instructed the jury to find for the plaintiff in the sum of $694, with 6 per cent. interest from March 18, 1922. The court also submitted some questions in the form of special issues relating to the cross-action. Judgment was rendered in Howard's favor for said sum of $694, with interest, and foreclosure of lien, and against appellant upon its cross-action. This judgment is reversed for the following reasons: (1) The plaintiff sued upon an express contract to pay him $60 per week for his services, and there is no evidence of any such contract. The evidence is perhaps sufficient to sustain a recovery upon quantum meruit, but the pleadings will not support a judgment upon that theory. (2) There is no evidence that the plaintiff is entitled to a lien as a mechanic or otherwise. (3) The court erred in not submitting the issues presented by the defendant's plea in set-off. Reversed and remanded.