HULL et al. v. FIRST GUARANTY STATE BANK OF OVERTON. (No. 1860.)

(Court of Civil Appeals of Texas. Texarkana. Dec. 6, 1917. Rehearing Denied Jan. 10, 1918.)

1. VENUE ⬦22(2) — RESIDENCE — NOTES— JOINT LIABILITY OF DEFENDANTS.

Under Rev. St. 1911, art. 1830, subd. 4, as amended by Acts 33d Leg. c. 177 (Vernon's Sayles' Ann. Civ. St. 1914, art. 1830), providing that suit may be brought in any county where one of the defendants resides, but that no transfer of a note or chose in action shall give any subsequent holder the right to sue in any other county or justice precinct than if no assignment or transfer had been made, *held*, that by accepting a draft the drawee became jointly liable with the maker to the maker's assignee under a new contract superseding the maker's original debt, and that suit could be brought in the county where the maker resided.

2. BILLS AND NOTES ⬦69 — DRAFTS — ORAL ACCEPTANCE.

A verbal acceptance of a draft is sufficient.

3. BILLS AND NOTES ⬦87—DRAFTS—IMPLIED ACCEPTANCE.

A promise to accept a draft will, under certain conditions, be treated as tantamount to an acceptance.

4. JUDGMENT ⬦342(2), 464—EQUITABLE RELIEF—DISMISSAL.

A county court may at a succeeding term, in the exercise of its equity powers, reopen a judgment for such corrections as justice demands, and the court may thereupon dismiss the action.

5. JUDGMENT ⬦507 — COLLATERAL ATTACK— PLEADING.

In a collateral attack by one not a party to a former judgment, the meritorious sufficiency of the grounds relied on in the pleadings will not be inquired into.

6. JUDGMENT ⬦570(13) — EQUITY—SETTING ASIDE—RES ADJUDICATA.

Where judgment has, at a succeeding term, been reopened and dismissed, it does not preclude a party defendant thereto from being a proper party defendant to another suit on the same cause.

7. SALES ⬦202(6)—OPERATION AND EFFECT— COMPLETION OF SALE.

Where an agent had completed the purchase of two cars of cotton seed, and the terms and conditions of payment had been agreed on, and nothing remained for the buyer to do but honor the draft as their agent had promised, the sale was complete, and the fact that the bill of lading was attached did not affect such sale nor relieve the buyer from payment of agreed price.

8. SET-OFF AND COUNTERCLAIM ⬦23—TENDENCY TO DEFEAT ACTION.

In a suit by the assignee of a draft for two cars of cotton seed against both maker and drawee and against a railroad for conversion of such seed, the claim of the railroad against the drawer for freight, had no connection with fixing the liabilities of parties to the draft, and was neither a counterclaim nor an offset.

9. APPEAL AND ERROR ⬦146—ESTOPPEL.

Where appellants complain of a void judgment against a codefendant, which, if allowed to stand, would estop them in a controversy with such codefendant over the matter involved, they have a right to be heard, which right cannot be impaired by the dereliction of such codefendant.

10. APPEAL AND ERROR ⬦185(2)—JURISDICTION—WHEN QUESTION MAY BE RAISED.

Where the amount in controversy was below the jurisdiction of the district court, its judgment thereon is void, and the want of jurisdiction may be raised for the first time on appeal.

Appeal from District Court, Rusk County; Daniel Walker, Judge.

Suit by the First Guaranty State Bank of Overton against B. H. Hull and others. Judgment for plaintiff against certain defendants, and for the defendant Hull against the Western Cotton Oil & Gin Company, and partners in such company, and for the receivers of the International & Great Northern Railway Company against Hull for freight charges. The Western Cotton Oil & Gin Company and members thereof appeal. Affirmed in part; reversed in part.

---

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

T. J. Arnold, of Houston, Futch & Tipps and Strong & Stone, all of Henderson, N. B. Morris and N. B. Morris, Jr., both of Palestine, and Scott W. Key, of Haskell, for appellants. Chas. L. Brachfield and J. W. McDavid, both of Henderson, for appellee.

HODGES, J. In December, 1913, B. H. Hull, one of the parties to this suit, drew two drafts against the Western Cotton Oil & Gin Company at Haskell, Tex., in favor of the First Guaranty State Bank at Overton, aggregating $655.25, which the drawees refused to pay. In March, 1914, the bank instituted a suit in the county court of Rusk county against B. H. Hull and the Western Cotton Oil & Gin Company to recover the amount due upon the drafts. In its petition the bank alleged that the Western Cotton Oil & Gin Company was a corporation. The case was called for trial, and a judgment rendered against the defendants. In that suit Hull alone answered. It was afterwards discovered, however, that the Western Cotton Oil & Gin Company was not a corporation, but a partnership. Some time after the expiration of the term of court at which that judgment was rendered a motion was made by Hull to set it aside. Acting upon that motion the case was reopened and the suit was by agreement of Hull and the plaintiff therein dismissed. Thereafter, on November 23, 1915, the bank instituted this suit against Hull, the Western Cotton Oil & Gin Company, and the members composing it, consisting of J. C. Duke, D. C. Cogdell, J. H. Chancellor, and W. M. Butterworth. The Texas & Pacific Railway Company, the Witchita Valley Railway Company, and Cecil A. Lyon and James B. Baker, receivers of the International & Great Northern Railway Company, were also made parties defendant. Against Hull, the Western Cotton Oil & Gin Company, and the members composing the partnership, the plaintiff sought a recovery on the drafts. The railway companies and the receivers above mentioned were made parties defendant upon the ground that they had converted two carloads of cotton seed for the payment of which the drafts had been drawn and upon which a lien was claimed. In a trial before the court without a jury judgment was rendered in favor of the bank for the full amount of the drafts against Hull, the Western Cotton Oil & Gin Company, and the individuals composing the partnership, and in favor of Hull over against the partnership and partners for the amount for which he was held liable. The railway companies and the receivers were discharged from any liability. Upon proper pleadings, which will be referred to later, the receivers of the International & Great Northern Railway Company recovered a judgment against Hull for the sum of $148.27 as the amount due for freight and demurrage charges on the two carloads of cotton seed above referred to. Only the West-

ern Cotton Oil & Gin Company and the individuals composing the partnership have appealed.

The findings of fact filed by the trial court are substantially as follows: During the latter part of the year 1913 one L. J. Sparkman was the agent in Rusk county of the Western Cotton Oil & Gin Company. Sparkman had authority to buy for his company cotton seed, and to pay therefor in money or by checks and drafts. Acting within the scope of his authority, he purchased for his principal from B. H. Hull at Overton, in Rusk county, two carloads of cotton seed, after inspection, agreeing to take the seed for the oil mill company at the shipper's weights, and authorized Hull to draw drafts on the oil mill company for the agreed price of the seed, together with $2.50 additional for loading charges. Sparkman represented to the Guaranty State Bank that the drafts drawn by Hull on the oil mill company were good and would be paid when presented. The bank, acting upon the representations made by Sparkman, paid Hull the amount in cash called for by the drafts. It would not have done this but for the representations made to it by Sparkman. Those representations were honestly made by Sparkman, with the belief that his principals would comply with them. But the latter intended to deduct from the amount of the drafts the sum of $118, an indebtedness which they claimed was due them from Hull. The two cars of seed were transported to Haskell, but the Western Cotton Oil & Gin Company refused to accept them and refused to pay the drafts without a deduction of the $118. The railway company thereafter advertised and sold the seed, realizing $148 less than the amount of the freight, demurrage, and other expenses.

[1-3] Among other defenses pleaded by the Western Cotton Oil & Gin Company was that of privilege of being sued in the county of their residence, and the refusal of the court to sustain that plea is assigned as error. It is undisputed that Hull was the only party to the drafts sued on which resided in Rusk county, where the suit was instituted. Subdivision 4 of article 1830, as amended by the Acts of 1913, provides:

"Where there are two or more defendants residing in different counties, in which case a suit may be brought in any county where any one of the defendants resides; provided, that the transfer or assignment of note or chose of action shall not give any subsequent holder the right to institute suit on such note or chose of action in any other county or justice precinct than the county or justice precinct in which such suit could have been prosecuted if no assignment or transfer had been made."

If the liability of Hull was that of an assignor of a pre-existing debt, then clearly the suit could not have been maintained in Rusk county against the appellants merely because it was the place of Hull's residence. It appears from the evidence that the drafts were drawn by Hull in favor of the bank, and the

facts warranted the conclusion that they had been orally accepted by a duly authorized agent of the drawees. It is well settled in this state that a verbal acceptance is good. Neumann v. Schroeder, 71 Tex. 81, 8 S. W. 632; Milmo National Bank v. Cobbs, 53 Tex. Civ. App. 1, 115 S. W. 345. It has also been definitely determined that a promise to accept will, under certain conditions, be treated as tantamount to an acceptance. Henrietta National Bank v. State National Bank, 80 Tex. 648, 16 S. W. 321, 26 Am. St. Rep. 773. See, also, notes collected in 11 Ann. Cas. page 284. If it is correct to say that the drafts were accepted by appellants through their agent, Sparkman, then the appellants became primarily liable for their payment to the bank, and the liability of Hull was that of a drawer. Kildare Lbr. Co. v. Atlanta Bank, 91 Tex. 95, 41 S. W. 64. The drafts became new and independent promises to pay money to the bank which superseded the original debt to Hull. The jurisdiction of the court must be tested by the liability of the parties on the new contracts. That being true, a suit might have been maintained in Rusk county against the appellants because of the joint liability to Hull thereon.

[4-6] The appellants, however, insist that the judgment previously rendered against Hull in the county court eliminated Hull as a party to any further litigation founded upon the same cause of action, and that Hull was not a proper party to this proceeding. They contend that the judgment against Hull in that suit was final, and that the attempt of the county court to thereafter set it aside at a subsequent term was a nullity. It is stated as a legal proposition that a new trial cannot be granted after the adjournment of the term of the court at which the judgment complained of is rendered. That is correct as applied to those summary motions filed during the term and which contemplate action upon a judgment then rendered and before the term expires. The power of the county court, in an equitable proceeding, to set aside, open, or vacate a judgment rendered at a previous term is so well settled that we do not construe the argument of appellant's counsel as calling it in question. When the jurisdiction of such court is properly invoked, it may, at a succeeding term, reopen the prior judgment in order to let the parties interpose new defenses, and to make such corrections as justice demands, and it may then render an entirely different judgment upon the same issues. The attack here made is a collateral one on the judgment of dismissal. If the court in that instance had the power to reform, set aside, or annul the former judgment, it also had the power, when properly invoked, to dismiss the former proceedings and to enter the necessary order. In a collateral attack by one not a party to the former judgment, the meritorious sufficiency of the grounds relied on in the plead-

ings will not be inquired into. The dismissal in this instance appears to have been by consent of all the parties then before the court. Campbell v. Upson, 81 S. W. 361; Hart v. Hunter, 52 Tex. Civ. App. 75, 114 S. W. 882. The county court of Rusk county therefore had the right, under proper proceedings instituted after the expiration of the term at which the judgment against Hull had been rendered, to reopen that judgment and annul or vacate it. We therefore conclude that the cause of action against Hull was not merged in the judgment of the county court, and that he was a proper party to this suit. The pleas of privilege were properly overruled.

[7] There is no merit in the contention that the appellants were not liable for the debt. Their agent had completed the purchase, the terms and conditions of payment had been agreed upon, and nothing remained for the appellants to do but to honor the drafts which their agent had represented they would upon presentation. The fact that the bill of lading was attached did not make the sale incomplete, or relieve appellants from the obligation to pay the price agreed upon.

[8] The record shows that the receivers of the International & Great Northern Railway Company, defendants in the court below, in answering the petition of the plaintiff, alleged that the two cars of seed in controversy were transported to Haskell, Tex., according to contract, and refused by the consignee; that the seed were subsequently sold to satisfy freight charges and other expenses; and that the proceeds realized from that sale lacked $148.27 of paying all that was due. The receivers asked for a judgment against Hull, their codefendant, for that sum. In a supplemental answer Hull asked for a judgment over against the appellants for any sum recovered against him by the receivers. The court concluded that Hull, as the consignor, was liable for the amount of the freight charges and other expenses incurred, but that he was entitled to reimbursement from the appellants, and included $148.-27 in the judgment rendered in favor of Hull against them. This portion of the judgment is assailed as error, on the ground that the amount was below the jurisdiction of the court. The contract under which the seed were transported and the freight charges incurred had no connection with that which fixed the liability of the parties to the drafts. As the shipper, Hull was liable to the railroad company for the freight charges; but he had a right to claim reimbursement from the appellants, his vendees, who had agreed to pay those charges. This demand on the part of the receivers was neither a counterclaim nor an offset which might have been pleaded in this suit, but was an independent cause of action in favor of one defendant against a codefendant. It had no place in these proceedings.

[9] If it be conceded that the claim for

$148.27 asserted by the receivers was below the jurisdiction of the district court, and that the judgment in their favor against Hull was void, does it follow that the appellants have a right to complain of that invalidity? The receivers make the contention in their brief that Hull, the defendant in that judgment, is not asking for its reversal, but consents for it to stand, and that it is no concern of the appellants whether it is valid or not. We are unable to concur in that conclusion. It appears that Hull attempted in that proceeding to make any judgment that might be entered against him binding upon the appellants as to all the issues in the controversy between him and the receivers. The fact that the appellants were parties to the suit would estop them, in a controversy with Hull, from again questioning the legal right of the receivers to demand and receive the balance claimed as freight charges and legitimate items of expense growing out of the shipment of the two carloads of seed. If the appellants are to be estopped in that manner it would be manifestly unjust to deny them the right to participate in the controversy in an effort to defeat, in whole or in part, the claim of the receivers. Clearly, then, they had the right to interpose against the receivers any legitimate defense which would prevent their recovery in that suit. This right could not be destroyed nor impaired by any inactivity or dereliction on the part of Hull.

[10] The want of the jurisdiction of the court was one defense which the appellants might have presented in the trial below, and by reason of its fundamental character is none the less available on appeal. The district court being without jurisdiction to determine the controversy between the receivers and Hull, its judgment therein was void.

That portion of the judgment of the trial court will be reversed and the cross-action of the receivers dismissed without prejudice to their right to sue thereon in a court of competent jurisdiction. In all other respects the judgment of the court below will be affirmed.

