.HEMPHILL v. BROCK.   (No. 6810.)

(Court of Civil Appeals of Texas. Austin. Nov. 19, 1924.)

1. Pleading ⬡⇒111 — Plea of privilege should not be overruled without hearing testimony.

Court should not overrule plea of privilege without hearing testimony.

2. Venue ⬡⇒22(2)—Maker joined with intermediate indorser as defendant held entitled to be sued in county of his residence, notwithstanding such indorser's residence in another county.

Maker joined with payee's indorsee as defendants in action on note by plaintiff to whom indorsee had transferred note was entitled to be sued in county of his residence, notwithstanding residence of indorsee in another county, under Vernon's Sayles' Ann. Civ. St. 1914, art. 1830, subd. 4; Vernon's Ann. Civ. St. Supp. 1918, art. 1903, providing that transfer or assignment of note shall not give any subsequent holder right to institute suit thereon in any other county than one in which suit could have

been prosecuted if no assignment or transfer had been made.

Appeal from District Court, Tarrant County; R. E. L. Roy, Judge.

Action by E. J. Brock, Jr., against M. R. Hemphill and others, in which named defendant filed a cross-action against other defendants. Judgment for plaintiff, judgment for named defendant against other defendants, and named defendant appeals. Reversed and remanded with instructions.

Marshall & King, of Graham, for appellant.

BLAIR, J. Appellee, E. J. Brock, Jr., sued M. R. Hemphill and M. B. King, residents of Young county, Tex., and R. A. Crossman, a resident of Tarrant county, Tex., on a certain promissory note for the sum of $850, said note being executed by M. R. Hemphill, and bearing date January 15, 1922, and payable to M. B. King at the office of the Graham Bank, Graham, Tex., on or before March 1, 1922, alleging that payee M. B. King for a valuable consideration before maturity transferred the same to R. A. Crossman, who thereafter and prior to the maturity of said note, for a valuable consideration, transferred and indorsed it to appellee. M. R. Hemphill filed his plea of privilege to be sued in Young county, which was controverted by appellee, E. J. Brock, Jr., who based his right of venue in Tarrant county upon the allegation that defendant R. A. Crossman was an obligor on the note in suit by reason of his transfer and indorsement, and that he was a resident citizen of Tarrant county, Tex.; and therefore venue was properly laid under Vernon's Sayles' Ann. Civ. St. 1914, art. 1830, subd. 4, which provides that where there are two or more defendants residing in different counties, suit may be brought where any one of the defendants resides.

[1, 2] The complaint is made by appellant that the trial court overruled his plea of privilege without hearing any testimony, and therefore erred. The record bears out this contention; but aside from this error, the specific facts alleged in the controverting affidavit upon which appellee relied to maintain venue in Tarrant county bring the case as filed clearly within the inhibition of the 1913 proviso amendment to article 1830, subd. 4, supra, which reads:

"Provided that the transfer or assignment of note or chose in action shall not give any subsequent holder the right to institute suit on such note or chose of action in any other county or justice precinct than the county or justice precinct in which such suit could have been prosecuted if no assignment or transfer had been made."

It is therefore clear that the trial court should have sustained the plea of privilege

and transferred the cause to Young county. After overruling the plea of privilege, the trial court held M. R. Hemphill to a trial over his protest, and rendered judgment against him and the other defendants on the note in suit, and also rendered judgment on appellant's cross-action against his codefendants; which judgment is hereby set aside, and the cause reversed and remanded, with instructions to the trial court to sustain the plea of privilege. Article 1830, subd. 4, Vernon's Sayles' Statutes 1914; article 1903, Vernon's Sayles' Statutes 1918; Danciger v. Smith (Tex. Civ. App.) 229 S. W. 909; Richardson v. Cage (Tex. Com. App.) 252 S. W. 747; Bank v. Gates (Tex. Civ. App.) 213 S. W. 720.

Reversed and remanded, with instructions.