## SAUNDERS v. FIRST NAT. BANK OF BALLINGER et al. (No. 204.)

(Court of Civil Appeals of Texas. Eastland. June 11, 1926. Rehearing Denied Oct. 15, 1926.)

Venue ⬅⟶27.

Action against drawer and drawee by assignee of draft accepted before assignment *held* properly transferred on plea of privilege to county of drawee's residence.

Appeal from District Court, Stephens County; C. O. Hamlin, Judge.

Action by Will R. Saunders against the First National Bank of Ballinger and others, dismissed as to the Bank. From a judgment sustaining a plea of privilege by defendant C. L. Baker, plaintiff appeals. Affirmed.

Will R. Saunders, of Breckenridge, for appellant.

Collins & Jackson, of San Angelo, and T. Edgar Johnson, of Breckenridge, for appellees.

LITTLER, J. Appellant, Will R. Saunders, and defendant J. D. Bray, reside in Stephens county, and defendants C. L. Baker

and First National Bank reside in Runnels county.

Defendant Bray sold to defendant Baker 14 bales of cotton for the sum of $1,324.05, and drew the following draft in payment therefor:

"Ballinger, Texas, 12/2/1925. No. 341. On demand pay to the order of the First National Bank (88–258) of Ballinger thirteen hundred twenty-four and 05/100 dollars ($1,324.05). This draft is in payment of 14 bales of cotton this day sold to drawee by J. D. Bray. To C. L. Baker, at First National Bank, Ballinger, Texas.
                    "[Signed] R. P. Bray.
 "Accepted:
 "[Signed] C. L. Baker."

Defendant Bray assigned said draft to the appellant for valuable consideration, and the appellant brought suit in Stephens county against Bray, Baker, and the First National Bank, and afterward dismissed as to the bank.

Defendant Baker filed a plea of privilege to be sued in Runnels county; appellant filed a controverting affidavit in support of his right to bring suit in Stephens county.

The plea of privilege was tried before the court and judgment rendered in favor of defendant Baker, ordering the cause transferred to Runnels county, and this action of the court is now before this court for review.

Appellant relies upon the case of Hull et al. v. Guaranty State Bank, Overton (Tex. Civ. App.), 199 S. W. 1148, wherein the court used the following language:

"Subdivision 4 of article 1830, Rev. St. 1911, as amended by the acts of 1913, c. 177 (Vernon's Ann. Civ. St. 1925, art. 1995), provides, 'Where there are two or more defendants residing in different counties, in which case, a suit may be brought in any county where any one of the defendants resides: Provided, that the transfer or assignment of a note or chose of action shall not give any subsequent holder the right to institute suit on such note or chose of action in any other county or justice precinct than the county or justice precinct in which such suit could have been prosecuted, if no assignment or transfer had been made.'

"If the liability of Hull was that of an assignor of a pre-existing debt, then clearly the suit could not have been maintained in Rusk county against the appellants merely because it was the place of Hull's residence. It appears from the evidence that the drafts were drawn by Hull in favor of the bank, and the facts warranted the conclusion that they had been orally accepted by a duly authorized agent of the drawees. It is well settled in this state that a verbal acceptance is good. Neumann v. Schroeder, 71 Tex. 81, 8 S. W. 632; Milmo National Bank v. Cobbs, 53 Tex. Civ. App. 1, 115 S. W. 345."

The facts in the case at bar are much different than in the case cited for in Hull et al. v. Guaranty State Bank, Overton, supra, the facts show that the bank had phoned the agent of the maker of the draft and that he had accepted same and promised to pay, and upon these facts the court held that it was a new contract, and that venue would lie in either county.

In the case at bar there was no acceptance by the defendant Baker in favor of appellant, but, after Baker had accepted the draft, defendant Bray assigned the draft to appellant. If the appellant had either written or phoned defendant Baker advising that he was owner of the draft, and Baker had then accepted same, then this case would have been similar to the case of Hull v. Bank, supra, and the question before us would then be of a very different nature.

Under the facts in this case we are of the opinion that the draft in question comes strictly under the statute as to a chose of action and is controlled by the cases of First National Bank of Coleman v. Gates (Tex. Civ. App.) 213 S. W. 720; Hemphill v. Brock (Tex. Civ. App.) 267 S. W. 281; Lanciger et al. v. Smith (Tex. Civ. App.) 229 S. W. 909; Richardson v. D. S. Cage Co. et al., 113 Tex. 152, 252 S. W. 747.

We conclude that defendant Bray could not have maintained suit against defendant Baker in Stephens county. Hence it must follow that appellant would have no better standing in the courts of Stephens county than would his assignor. We therefore conclude that the court did not err in transferring the cause to Runnels county.

Judgment affirmed.