**MERRITT v. H. O. WOOTEN GROCER CO.**

No. 807.

Court of Civil Appeals of Texas. Eastland.

Feb. 13, 1931.

E. E. Diggs, of Childress, for appellant.

Davidson, Doss & McMahon, of Abilene, for appellee.

HICKMAN, C. J.

The appeal is from a judgment overruling appellant's plea of privilege and also from a judgment against appellant on two itemized accounts. Since we have determined that the plea of privilege should have been sustained, we shall confine our statement of the case to such of the proceedings only as throw light upon the privilege question. Appellee declared upon two itemized accounts. One account was for merchandise sold by appellee to a partnership composed of Lee Johnson and appellant, Merritt. The other account was for merchandise sold by J. M. Radford Grocery Company to the same partnership, of which account appellee was alleged to be the owner by virtue of an assignment thereof to it. Lee Johnson was not made a party to the suit; the allegation being that he was a bankrupt, totally and wholly insolvent, and that his estate would pay no dividends to the common creditors. Appellant resides in Childress county, and filed a statutory plea of privilege to be sued in that county. By its controverting affidavit appellee sought to hold venue in Taylor county upon the following allegations: "That plaintiff has filed herein a petition alleging that the defendant, R. J. Merritt, a resident citizen of Childress County, Texas, is indebted to plaintiff in the sum of $362.00 and in the further sum of $112.94, which said accounts were each payable in Taylor County, Texas, as is evidenced by a signed statement to this effect executed by said defendant; that in connection with the foregoing allegation, said plaintiff refers to and makes a part of this controverting plea its original petition filed in the above cause. That by reason of the execution and delivery to this plaintiff of said signed statement executed by said defendant to the effect that the indebtedness sued upon herein should be payable in Taylor County, Texas, this court has venue of this suit."

In reply to this controverting plea, appellant denied under oath that he was a member of the partnership at the time the indebtedness accrued. The proof on trial of the plea of privilege established conclusively, as found by the trial court, that, prior to the incurring of any of the indebtedness sued upon, the partnership firm of Johnson & Merritt had been dissolved; that Merritt had sold all of his interest therein to Johnson and transferred same by an instrument in writing, all with knowledge on the part of the traveling salesmen of appellee and J. M. Radford Grocery Company. Appellee introduced in evidence a written statement executed by appellant for the partnership, dated January 1, 1929. This statement was made by appellant for the purpose of forming the basis of a line of credit to be extended to the partnership, and contained the following language: "We agree to give them written notice promptly of any change in the personnel of our firm, or of any material change in our assets or liabilities. It is also agreed that all the sums due and to become due for purchases heretofore or here-

after made from H. O. Wooten Grocer Company are payable in Abilene, Taylor County, Texas, with interest of ten per cent. per annum from maturity of bills, and ten per cent on amount unpaid for attorney's fees if placed in the hands of an attorney for collection."

██ The trial court filed findings of fact, one of which was that, before the accruing of any of the indebtedness sued for in this suit, "defendant Merritt actually withdrew from the firm, and the traveling salesmen of plaintiff knew of said withdrawal." Notwithstanding this fact, the plea of privilege was overruled on account of appellant's failure to notify appellee in writing of the dissolution of the firm. Neither in its petition nor its controverting plea did appellee allege or attempt to allege an estoppel against appellant to deny the continued existence of the partnership. The only question put in issue by the plea of privilege was whether appellant was a member of the partnership at the time the goods were purchased, for, admittedly, the written statement made for the purpose of obtaining credit did not obligate appellant to pay for goods sold to any other person or firm than the partnership of Johnson & Merritt. When appellant proved without dispute that the goods were sold to Johnson and not to Johnson & Merritt, he established his right to have the venue changed to Childress county. In order to defeat that right, it devolved upon appellee both to allege and prove an estoppel to deny the continued existence of the partnership. Proof of an estoppel without a pleading thereof is unavailable. The exact question here presented was considered by this court in the case of Tarver, Steel & Co. v. Pendleton Gin Co., 25 S.W.(2d) 156. We there collated authorities holding that under simple allegations of agency a party is not permitted to prove an estoppel to deny agency, but that the facts constituting such estoppel must be pleaded in order to be available. The same principle applies to partnerships. We shall not again discuss the subject, but refer to our opinion in the case cited, and on the authority thereof hold that estoppel to deny partnership was not available to appellee in the instant case, for the reason that same was not pleaded.

██ The trial judge prepared a written opinion in this case, and same has come to us in the transcript. In that opinion, in discussing the question of the right of appellee to maintain suit against appellant in Taylor county on the account assigned to it by J. M. Radford Grocery Company, there occurs this language: "Where an account is assigned for a valuable consideration, the sole question then seems to be whether or not the transfer was made with fraudulent intentions to affect the venue. Kell Milling Co. v. Bank (Tex. Civ.

App.) 155 S. W. 325; Carver Bros. v. Merrett (Tex. Civ. App.) 155 S. W. 633."

The cases cited arose prior to the amendment of subdivision 4 of article 1995, Revised Statutes 1925. That particular subdivision was so amended in 1913 as effectually to prevent the changing of the venue of a cause by an assignment. The language of the amendment is as follows: "The transfer or assignment of a note or chose in action shall not entitle any subsequent holder to sue thereon in any other county than that in which such suit could have been prosecuted if no assignment or transfer had been made."

Whether the assignment was made with fraudulent intentions or in utmost good faith is wholly immaterial. By the express wording of the statute, the assignee of a chose in action cannot maintain a suit thereon in any county in which the assignor could not have maintained same.

Since it is our opinion that the plea of privilege was improperly overruled, it would not be proper for us to consider or discuss the merits of the case. It is our order that the judgment of the trial court be reversed and the cause be remanded to the trial court, with instructions to transfer the venue to the county court of Childress county.

Reversed and remanded, with instructions.