## CHAIN INVESTMENT CO. et al. v. FIRST NAT. BANK OF ELDORADO.

### No. 8854.

Court of Civil Appeals of Texas. Austin.

Dec. 6, 1939.

Rehearing Denied Jan. 3, 1940.

Upton, Upton & Baker, of San Angelo, for appellants.

Joab Campbell, of Eldorado, for appellee.

BLAIR, Justice.

This is an appeal from an order overruling the plea of privilege of appellant Chain Investment Company to be sued in Tom Green County, the county of its residence. The controverting affidavit to the plea of privilege alleged, and the evidence on the venue hearing showed, that appellee, First National Bank of Eldorado, sued appel-

lant Chain Investment Company, a corporation with its residence in Tom Green County, and J. H. Benton. a resident of Schleicher County, in Schleicher County, on a check for $400, drawn by appellant on the San Angelo National Bank, payable to defendant J. H. Benton, who for a valuable consideration endorsed and delivered the check to appellee bank, which cashed it, paying the $400 to Benton's wife. Appellee bank duly presented the check to the payee bank, and payment was refused; and after notice of the dishonor to appellant and Benton, this suit was filed against them as maker and endorser of the check, respectively. Upon the facts thus alleged and proved, the trial court sustained venue of the suit in Schleicher County, under the provisions of Subs. 4 and 29a of Art. 1995, which read as follows:

"4: If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides. The transfer or assignment of a note or chose in action shall not entitle any subsequent holder to sue thereon in any other county than that in which such suit could have been prosecuted if no assignment or transfer had been made."

"29a: Whenever there are two or more defendants in any suit brought in any county. in this State and such suit is lawfully maintainable therein under the provisions of Article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto."

■ The trial court should have sustained the plea of privilege because the facts alleged in the controverting affidavit and the proof on the venue hearing bring the case clearly within the inhibition of Sub. 4, which provides that "the transfer or assignment of a note or chose in action shall not entitle any subsequent holder to sue thereon in any other county than that in which such suit could have been prosecuted if no assignment or transfer had been made." The liability of Benton, the resident defendant, depended upon his subsequent endorsement or assignment of the check to appellee bank. Before his endorsement or assignment of the check, Benton could not have maintained a suit for its dishonor by the payee bank either against it or the appellant Chain Investment Company, the drawer of the check, in Schleicher County, because both were residents of Tom Green County. This provision of the statute is mandatory; and the question here presented was definitely settled in Hemphill v. Brock, Tex.Civ.App., 267 S.W. 281; Saunders v. First Nat. Bank, Tex.Civ.App., 287 S.W. 133; Merritt v. H. O.. Wooten Grocer Co., Tex.Civ.App., 35 S.W.2d 1071.

■ Whatever has been the conflict in the Courts of Civil Appeals decisions on the question of whether Sub. 29a repealed or superseded the provisions of Sub. 4, it has now been definitely settled by the Supreme Court. "It is now settled that it was not the purpose of the new exception (Sub. 29a) to restrict the meaning or operation of any pre-existing exception contained in R.S. art. 1995, but to leave all in full operation." 43 Tex.Jur. 759, § 42. This text is sustained by First Nat. Bank v. Pierce, 123 Tex. 186, 69 S.W.2d 756. And in the case of Henderson Grain Co. v. Russ, 122 Tex. 620, 64 S.W.2d 347, 353, it is held that under Sub. 29a venue is fixed by reason of the nature or character of the suit, and in a proper case may be maintained in a county where none of the defendants resides; that this subdivision, properly construed, merely operates to add another exception to R.S. art. 1995, and leaves Sub. 4 "unrepealed and wholly unamended;" and that under Sub. 4 venue may be maintained in the county of residence of one of the defendants, although he is only a proper, as distinguished from a necessary party, as required by Sub. 29a.

■ The rule of law is also settled that as between the provision of one of the exceptions to the venue statute and another provision, the language of which is mandatory, the latter will control. Dallam County v. S. H. Supply Co., Tex.Civ.App., 176 S.W. 798. That rule is applicable here where the mandatory provisions of Sub. 4 inhibit venue based on transferee's or assignor's endorsement of a note or transfer of the chose in action to any subsequent holder in the county of the residence of the transferee or assignor, where the suit could not have been prosecuted there if no assignment or transfer had been made; which provision of the statute is mandatory.

In accordance with our above conclusions, the judgment of the trial court is reversed and the cause remanded with instructions to transfer the suit to Tom Green County.

Reversed and remanded with instructions.