## HROMAS v. MILLER et al.

No. 12991.

Court of Civil Appeals of Texas. Dallas. Feb. 15, 1941.

Aldridge & Aldridge, of Farwell, and Lawrence F. Green, of Dallas, for appellant.

Griffin & Morehead, of Plainview, for appellees.

YOUNG, Justice.

This is a venue case. Mayes Miller and R. E. Cogswell, residents of Castro County, are owners and holders of the promissory note in suit, by transfer, for value, from the payee therein, L. H. Bowie, who is alleged to reside in Dallas County; appellant having executed the note to the order of Bowie. The action of plaintiffs was in Dallas County, on an obligation for $245, dated April 2, 1938, due September 1 thereafter, and "payable at the place of residence of the owner or legal holder of this note at his or their option." Hromas seasonably interposed his plea of privilege, which was controverted, heard, and overruled, and appeal taken. Bowie was joined in the suit perforce of his assignment or transfer to plaintiffs, judgment being sought jointly and severally against both defendants. Testifying at the trial (December, 1939), Mr. Bowie established his then residence as in Dallas County, but the record is silent concerning his place of residence when the note was signed and delivered to him.

Appellees have not seen fit to file reply briefs, but their controverting affidavit in the trial court asserts that Subds. 4, 5 and 29a of Art. 1995, Vernon's Ann.Civ.St., apply; and it can be assumed that the order appealed from is based on one or more of these exceptions to the venue statute.

Subd. 29a is clearly not applicable, because the petition was filed in the county of a resident defendant. Henderson Grain Co. v. Russ, 122 Tex. 620, 64 S.W.2d 347. Appellees cannot claim that the wording, "payable at the place of residence of the owner or legal holder of this note at his or their option," is sufficient to meet the requirements of Subd. 5 (as amended 1935), because no particular county of performance was expressly named at the time the contract was made. It would follow, therefore, that Subd. 4 is not available to plaintiffs below. Mr. Bowie, the payee, could not have maintained suit in Dallas County by reason of the indefinite wording just quoted. The provisions, in part, of said exception, read: "The transfer or assignment of a note or chose in action shall not entitle any subsequent holder to sue thereon in any other county than that in which such suit could have been prosecuted if no assignment or transfer had been made." Thus, the statute, in explicit language, precludes the assignee of a note from basing a suit thereon in any county in which the assignor could not have maintained the same. Merritt v. Wooten Grocer Co., Tex. Civ.App., 35 S.W.2d 1071. Further authorities in point on propositions just discussed are Turner v. Ephraim, Tex.Civ.App., 28 S.W.2d 608; McManus v. Texas Development Bureau, Tex.Civ.App., 73 S.W.2d 655; W. T. Rawleigh Co. v. Karnes, Tex.Civ. App., 103 S.W.2d 431; Warner v. First Nat. Bank of Bowie, Tex.Civ.App., 142 S.W.2d 897.

The trial court should have upheld the plea of Hromas. Its judgment overruling same is reversed and here rendered, sustaining such plea of privilege and changing the venue as to appellant to the County Court of Palmer County; the court below making such orders and the clerk thereof performing such duties as are provided under Art. 2020, R.S., Vernon's Ann.Civ.St. art. 2020, when a plea of privilege is sustained.

Reversed and rendered, with instructions.