**LE BLANC, INC., Appellant,**

**v.**

**FIRST NATIONAL BANK OF BAY CITY, Appellee.**

**No. 13362.**

Court of Civil Appeals of Texas.

Houston.

Feb. 5, 1959.

Rehearing Denied Feb. 26, 1959.

---

Fulbright, Crooker, Freeman, Bates & Jaworski; St. John Garwood, Jr., Houston, for appellant.

Joe Entzminger, Bay City, for appellee.

WOODRUFF, Justice.

This is an appeal by LeBlanc, Inc., from an order overruling its plea of privilege to be sued in Harris County, Texas.

Suit was instituted by appellee, The First National Bank of Bay City, a national banking corporation, in the District Court of Matagorda County against E. L. Knost, a resident of that county, and J. A. Collins, a resident of Jefferson County, Texas, doing business as partners under the name of Knost-Collins Electric Company, and LeBlanc, Inc., a corporation with its principal office in Houston, Harris Coun-

ty, Texas. The partnership will hereafter be referred to as Knost-Collins.

As grounds for suit appellee alleged that on October 31, 1957, it received from appellant the following letter dated October 30, 1957, to wit:

"The First National Bank of Bay City
"Bay City, Texas

"Gentlemen:
    "This is to confirm that there is due Knost-Collins Electric Company a balance of $10,571.02 on their contract with us for the electrical work on the Brazosport Senior High School, Freeport, Texas. Out of this amount will be retained $2,000.00 pending completion of installations.
                "Very truly yours,
                "LeBlanc, Inc.
                "(Signed) S. L. Ledet"

Appellee further alleged that on October 31, 1957, in reliance on said letter it made a loan of $8,000 to Knost-Collins Electric Company, for which Knost-Collins executed a note for $8,000 payable to appellee's order in Bay City, Matagorda County, Texas, on or before December 10, 1957, with interest at the rate of 8% per annum, with the provision therein which read: "Secured by assignment of LeBlanc, Inc. (Invoice No. 617) in the amount of $9,311.-90."

On the same date, October 31, 1957, it was alleged Knost-Collins wrote appellant, LeBlanc, Inc., the following letter:

"LeBlanc, Inc
"General Contractors
"P. O. Box 351
"Houston, Texas

"Gentlemen:
    "This is to advise that I have borrowed from The First National Bank of Bay City, Bay City, Texas, the sum of $8,000.00 on our invoice No. 617 dated October 31, 1957, amounting to $9,311.90. You are hereby authorized

and requested to make your check in payment of this invoice, which we have represented as due on or before December 10, 1957, to the order of The First National Bank of Bay City and Knost and Collins and send same to said bank where we will call and endorse. This authority is irrevocable on our part.

"Yours very truly,
"Knost and Collins
"(signed) E. L. Knost"

Concurrent with the execution of the note, so it was alleged, Knost-Collins also made an assignment to appellee of their account against LeBlanc, Inc., which was filed with the County Clerk of Matagorda County, Texas, on November 1, 1957.

Appellee alleged also that the note, though duly presented, was not paid on December 10, 1957, but on January 9, 1958, it received from appellant, LeBlanc, Inc., a check for $5,435.40 made payable to appellee and Knost-Collins, which was applied on the note, leaving the sum of $2,706.82 due and unpaid. It was further alleged "that after the assignment by the defendant Knost-Collins Electric Company of the funds owed by LeBlanc, Inc. to defendant Knost-Collins Electric Company, or which defendant LeBlanc, Inc. represented to the plaintiff was due and owing to the defendant Knost-Collins Electric Company, defendant LeBlanc, Inc. failed to recognize said assignment and paid to Standard Electric Time Company the sum of $3,591.00; * * *" or, in the alternative, represented to appellee that such payment was made "and failed to recognize and honor the assignment heretofore made by defendant Knost-Collins Electric Company." Appellee further alleged that if such payment had not been made by appellant to Standard Electric Time Company appellee's note would have been fully paid and discharged.

Appellee alleged further that LeBlanc, Inc., knew at the time of the writing of the letter that Knost-Collins was seeking a loan from appellee and knew that had it not made such representations of the amount then owed to Knost-Collins appellee would not have made such loan and that the letter setting forth the amount due Knost-Collins was written for the purpose of enabling Knost-Collins to obtain the loan from appellee and it was intended that appellee should rely thereon as to the amount due and owing by LeBlanc, Inc. to Knost-Collins. Upon these premises appellee prayed judgment against all defendants, jointly and severally, for the balance of $2,763.23, with interest and attorney's fees.

A plea of privilege was timely filed by appellant, LeBlanc, Inc., stating Harris County, Texas, to be the place of its residence and declaring its right to be sued in that county, and praying that the cause be transferred to the District Court of that County. In reply thereto appellee filed its controverting affidavit in which it relied upon the provisions of Subd. 4 of Article 1995, Vernon's Ann.Civ.Texas St., contending that the cause of action asserted by appellee against LeBlanc, Inc., was so closely related with that asserted against the other defendants, E. L. Knost and J. A. Collins, doing business as Knost-Collins Electric Company, that the two actions could be joined under the rule intended to avoid a multiplicity of suits.

Upon the plea of privilege hearing it was established, either by the proof or stipulations that E. L. Knost was at all times material to the case a resident of Matagorda County, Texas, and that The First National Bank of Bay City had its principal office in that county. It was also shown that E. L. Knost and J. A. Collins were operating a co-partnership in Matagorda County, Texas, known as Knost Electric Company, during 1957 and 1958 and that Knost obtained from LeBlanc, Inc., the letter dated October 30, 1957, addressed to the First National Bank of Bay City, signed by S. J. Ledet, Assistant Secretary. The execution of all instruments material to this controversy was proven, as well as the payment of $5,435.40 by Knost-Collins on the $8,-

000 note, leaving a balance of $2,763.23 unpaid thereon as of May 1, 1958.

It was stipulated too that LeBlanc, Inc., did not have or maintain any office, agent or representative in Matagorda County at any time during 1957 or 1958 and that all work done by Knost-Collins Electric Company for LeBlanc, Inc., was done solely in Brazoria County, Texas. Also the subcontract under which Knost-Collins performed the work for appellant LeBlanc, Inc. was offered in evidence, and it showed that the work was performed at Freeport, Texas, which is in Brazoria County, Texas.

The sole point upon which appellant rests this appeal is that the Trial Court erred in overruling its plea of privilege because the pleadings and proof conclusively show that appellee in suing appellant did so solely as the subsequent holder of an assigned chose in action in a county where venue could not have been maintained had such assignment not been made, and accordingly it falls within the inhibitions of the last sentence of Subd. 4 of Article 1995, V.A.T.S.

By a Counter-Point appellee contends that the Trail Court did not err in overruling the plea of privilege because (1) appellee pled and proved a prima facie case against the defendant, E. L. Knost, a resident of Matagorda County, and (2) that appellee had pled a cause of action against appellant, LeBlanc, Inc., so intimately connected with the cause of action against the resident defendant that the two might be joined under the rule intended to avoid a multiplicity of suits.

■■ The law appears to be settled that when a suit against two defendants residing in different counties is brought in the county of the residence of one of them, and the non-resident defendant files a plea of privilege to be sued in the county of his residence, it is not incumbent upon the plaintiff at the hearing on the plea of privilege in order to sustain venue as laid under Sec. 4 of Article 1995, V.A.T.S. to prove a cause of action against the non-resident defendant. To establish his right to maintain such venue, the plaintiff must allege a joint cause of action against the two defendants or a cause of action against the resident defendant so intimately connected with the cause of action alleged against the non-resident defendant that the two may be joined under the rule intended to avoid a multiplicity of suits. That proof is made by the petition itself showing that such is the nature of the suit. Oakland Motor Car Co. v. Jones, Tex.Civ.App., 29 S.W.2d 861, 865. However, the plaintiff must also prove by independent evidence that the defendant alleged to reside in the county where the suit is pending does in fact reside in such county; that he, the plaintiff, has in fact a cause of action against the resident defendant; and that the cause proven is the one which was pled. Richardson v. D. S. Cage Co., 113 Tex. 152, 252 S.W. 747; Caprito v. Weaver, Tex.Civ.App., 77 S.W.2d 595; Stockyards National Bank v. Maples, Tex.Com. App., 127 Tex. 633, 95 S.W.2d 1300; Gholson v. Thompson, Tex.Civ.App., 298 S.W. 318.

■ However, if in offering the proof establishing a cause of action against the resident defendant together with the pleadings setting forth the cause of action upon which plaintiff relies to sustain venue against the non-resident defendant, it is shown that the suit is based upon a transaction which falls within the inhibitions contained in the last sentence of Sec. 4 of Art. 1995, the plea of privilege must be sustained. This follows, as the authorities point out, because of the mandatory language used in the last sentence of that Article. Chain Investment Company v. First National Bank of Eldorado, Tex.Civ. App., 135 S.W.2d 192.

■ The question thus presented is whether appellee has alleged a cause of action against appellant LeBlanc, Inc., without relying upon the assignment to it

by Knost-Collins of that part of the account evidenced by Invoice No. 617 accruing by reason of work which they had performed wholly in Brazoria County under their contract with the non-resident LeBlanc, Inc. If the assignment from Knost-Collins to it is essential to its cause of action, then the suit cannot be maintained by appellee against the appellant in Matagorda County because Knost-Collins could not have maintained venue in that county against appellant and consequently the case falls within the inhibitions of the last provision of Sec. 4 of Article 1995, V.A.T.S. Chain Investment Company v. First National Bank of Eldorado, supra.

Although not directly in point, we believe that by analogy the reasoning employed by the Supreme Court in Citizens National Bank at Brownwood v. Ross Construction Co., 146 Tex. 236, 206 S.W.2d 593, 595, affirming Tex.Civ.App., 201 S.W.2d 244, is applicable here in determining the nature of the undertaking of the appellant LeBlanc, Inc., as fixed by its letter of October 30, 1957. In that case the plaintiff bank loaned a subcontractor $25,500 after first receiving a letter from the general contractor on a construction job reading as follows:

"Durant, Oklahoma
"September 14, 1943

"Citizens National Bank
"Brownwood, Texas

"Gentlemen:

"This is to notify you of our recently executed contracts with the Campbell Electric Company, Brownwood, Texas, for electrical wiring of buildings in connection with our contract for Naval Air Facility at Durant, Oklahoma, and contract for Naval Air Facility at Conroe, Texas. The total amount of the two contracts is $22,354.68.

"Mr. Campbell has requested that we give you this letter with instructions that all payments to him under these contracts are to be made payable jointly to Citizens National Bank, Brownwood, and the Campbell Electric Company.

"Very truly yours,

"Ross Construction Company,

"By /s/ William B. Warner
"Partner"

During the progress of the job the contractor paid the subcontractor's materialmen $10,000 out of funds which had accrued to the subcontractor Campbell for work performed. This resulted in Campbell's being unable to pay the bank about $5,850 of its loan. The bank contended that the letter constituted an unconditional obligation on the part of the general contractor, Ross Construction Company, to pay it and Campbell jointly all money accruing by reason of the performance of the subcontract.

The Supreme Court, in holding that the letter did not as a matter of law constitute such an independent undertaking by Ross Construction Company, in part said:

"The rights of the parties turn, as has been observed, upon a construction of the letter which was quoted at the outset. The issue is narrowed pointedly by the following statement from the Bank's petition for this writ of error: 'If Petitioner was holding an assignment from Campbell we would have no case here, but Petitioner Bank had a direct promise from Respondents to pay it and Campbell jointly, the money.' O'Neil Engineering Co. v. First Nat. Bank of Paris, Tex.Com.App., 222 S.W. 1091. The difficulty with this assertion is that the letter cannot be construed to contain that kind of a promise. What it does is to acknowledge to the Bank that Campbell had the contracts and had instructed Ross that 'all payments to him under these contracts are to be made payable jointly' to the Bank and Campbell. It did not go the further and necessary step, if Ross is

to be bound, and say that not only had Ross received these instructions from Campbell but would honor them. The letter nowhere binds Ross to do anything, but appears rather to be in the nature of a mere recital confirming the existence of the stated facts. Accordingly, by discontinuing joint payments to Campbell and the Bank when it developed Campbell was in difficulty, Ross was neither breaching any contract nor revoking any promise."

As pointed out in the foregoing excerpt, the general contractor never made any statement to the bank that he would withhold any money arising out of the performance of the contract by the subcontractor and pay it over to the bank. The same situation is true in the case before us in that there is a total absence of any such allegation in the plaintiff's petition and controverting affidavit. In fact, any implication that any obligation to pay was assumed is even weaker in this case than in the Ross Construction Company case.

However, applying the reasoning in that opinion to the case under consideration, it clearly appears that the pleadings set forth in appellee's petition and the controverting plea, when construed in the light most favorable to the appellee, present no stronger grounds for recovery in appellee's behalf against the appellant, except that which may be based upon the assignment of the account, than was established by the testimony in the Ross case as set forth in the opinion. It follows then that whatever cause of action appellee bank has against the appellant under the pleadings here is based upon the assignment or transfer of a chose in action which it took from Knost-Collins in connection with the making of the note. That cause of action of course falls within the mandatory inhibitions of the last sentence of Sec. 4 of Article 1995, V.A.T.S., it being shown that at best it is based upon the assignment of Knost-Collins to appellee of the account which they had against appellant and upon which Knost-Collins could not have main-

tained suit against the appellant in Matagorda County. In this state of the record, in our opinion, the appellant's plea of privilege should have been sustained. First National Bank of Coleman v. Gates, Tex.Civ. App., 213 S.W. 720; Merritt v. H. O. Wooten Grocer Co., Tex.Civ.App., 35 S.W. 2d 1071; Chain Investment Company v. First National Bank of Eldorado, supra; Warner v. First National Bank of Bowie, Tex.Civ.App., 142 S.W.2d 897.

Appellee relies upon several authorities wherein the pleadings and facts are quite different from those involved here. In De Montel v. Brance, Tex.Civ.App., 151 S.W.2d 859, 862, the appellee who advanced money to the subcontractor on a Texas Highway Department job pled and proved that the general contractor told him before he made any advancements to the subcontractor that he would pay appellee direct all money due and to be due the subcontractor. Moreover, there were special statutes, Articles 6674m, 5472a and 5472b, involved, which, as pointed out in that opinion, provided a method of impounding "by a sort of special garnishment" such funds as were due plaintiff in that suit by the defendant in the hands of the Highway Department which rendered the last sentence of Subd. 4 of Article 1995, V.A.T.S., inapplicable. Appellee also cites the case of Ross Construction Company v. Citizens National Bank at Brownwood, Tex.Civ. App., 186 S.W.2d 1021. It is true that was an appeal from an adverse ruling by defendants Ross overruling their plea of privilege in the same cause in which the opinion by the Supreme Court was written in the case on its merits. However, the plaintiff bank there alleged connivance and conspiracy between Ross Construction Company and Campbell, the resident defendant, which were designed to defraud the bank of its rights under the assignment from Campbell to the bank, which of course was a sufficient allegation to sustain venue against Ross Construction Company under the first provision of Subd. 4 of Article 1995. No such allegations were contained

in appellee's pleadings in the case before us here.

Like distinctions could be made between the other cases cited by the appellee and the case before us here but we do not feel that further discussion is warranted.

We are, therefore, of the opinion and so hold that the learned Trial Court erred in overruling the appellant's plea of privilege and therefore reverse and remand the cause with instructions to sustain its plea of privilege and order the cause transferred as to it to the District Court of Harris County, Texas, the county of appellant's residence.