Joe D. MELTON, Appellant,

v.

**BALDWIN–UNITED LEASING COMPANY, Appellee.**

No. 10–82–148–CV.

Court of Appeals of Texas, Waco.

Feb. 10, 1983.

John O. Langdon, Goins & Underkofler, Dallas, for appellant.

Charles K. Barrow, Naman, Howell, Smith & Lee, P.C., Waco, for appellee.

HALL, Justice.

This is a venue case involving subdivisions 4, 5(b), and 29a of Article 1995, Vernon's Tex.Civ.St., in a suit on an assigned lease agreement of an automobile filed in the county of residence of the lessor-assignor. The trial court overruled the lessee's plea of privilege to have the case against him transferred to the county of his residence. We reverse the judgment.

Brazos Valley Motors, a Texas corporation located in McLennan County, Texas, sells and leases cars. Robert Thompson, not a party to this suit, wanted to lease a 1980 Porsche automobile from Brazos, but he failed to financially qualify for the lease. Thompson persuaded appellant Joe D. Melton to sign a blank credit application, which was subsequently filled in and submitted to appellee Baldwin-United Leasing who approved the application. Then Brazos entered into a lease agreement in September, 1980, in McLennan County, for a 1980 Porsche, and the car was delivered to Thompson. The lease form designated and showed execution by a "Joseph D. Melton" as lessee. Appellant Melton denies signing the lease or authorizing anyone to lease the car or sign the lease for him.

Brazos then assigned the lease to appellee Baldwin. The lease contained an assignment clause in which Brazos warranted "that said lease is genuine and bona fide, that all statements and information on the face hereof are true and correct." Brazos further agreed that "If Lessee disputes any of said warranties, Lessor agrees to indemnify and hold Baldwin harmless from all claims and expense, including reasonable attorney's fees."

On at least three occasions, probably more, when monthly payments became delinquent Baldwin contacted Melton by telephone, and he made the payments. Melton testified that he made the payments to protect his credit rating if he was liable on the lease and that he stopped making payments when he saw a copy of the lease and realized he had not signed it. Eventually Baldwin repossessed the car from Thompson and sold it at wholesale price.

Baldwin filed this suit in McLennan County against Melton and Brazos to recover the deficiency balance due on the lease. Baldwin sued Melton on the ground that Melton was the lessee under the lease and liable for damages from its default. Baldwin sued Brazos in the alternative on the ground that Brazos is liable for Baldwin's damages arising from the breach of the warranties Brazos made when it assigned the lease to Baldwin. Melton's plea of privilege to have the cause against him transferred to Dallas County, the county of his residence, expressly denying execution of

the lease by him or his authority, was controverted by Baldwin under the provisions of subdivisions 4, 5(b) and 29a of the venue statute. Following a hearing without a jury, judgment was rendered denying the plea of privilege.

Melton attacks the judgment in six points of error. For the reasons that follow, we remand the case for retrial.

Subdivisions 4, 5(b) and 29a of the venue statute provide:

"4. Defendants in different counties. —If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides. The transfer or assignment of a note or chose in action shall not entitle any subsequent holder to sue thereon in any other county than that in which such suit could have been prosecuted if no assignment or transfer had been made.

"5. Contract in writing—. . . (b) In an action founded upon a contractual obligation of the defendant to pay money arising out of or based upon a consumer transaction for goods, services, loans, or extensions of credit intended primarily for personal, family, household or agricultural use, suit by a creditor upon or by reason of such obligation may be brought against the defendant either in the county in which the defendant in fact signed the contract, or in the county in which the defendant resides at the time of the commencement of the action. . . ."

"29a. Two or more defendants.— Whenever there are two or more defendants in any suit brought in any county in this State and such suit is lawfully maintainable therein under the provisions of Article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto."

■ To obtain the benefits of subd. 4 the plaintiff must (1) plead and prove that one defendant resides in the county of suit; (2) allege in his petition a joint cause of action against the resident and nonresident defendant, or a cause of action against the resident defendant so intimately connected with the cause of action alleged against the nonresident defendant that the two may be joined to avoid a multiplicity of suits; and (3) prove the cause of action pleaded against the resident defendant. *Stockyards Nat. Bank v. Maples,* 127 Tex. 633, 95 S.W.2d 1300 (1936). It is undisputed in our record that Brazos is a resident of McLennan County, that Melton is a resident of Dallas County, and that Baldwin proved a cause of action against Brazos at the plea of privilege hearing. It is also undisputed that Baldwin did not plead a joint cause of action against Brazos and Melton. In question are whether Baldwin met requirement number two by pleading causes of action against both defendants so intimately connected that they may be tried together to avoid a multiplicity of suits, and whether the proviso in subd. 4 which prevents changing the venue of a cause by assignment is applicable here.

■ The causes of actions pleaded against both Brazos and Melton stemmed from the execution of the lease in question. At issue in both actions is whether Melton is liable for payment of the deficiency balance. The liability of each defendant stems from Melton's liability on the lease, and we hold that the ultimate issues are so intimately connected that the two causes of action could be properly tried together under subd. 4 to avoid a multiplicity of suits. Contrary to Melton's contention, when this "intimate connection" test is met it does not matter that the plaintiff's actions against the defendants are pleaded alternatively. *Asch Advertising v. Sony Corp. of America,* 569 S.W.2d 619, 621 (Tex.Civ.App.—Waco 1978, no writ).

■ The proviso in subd. 4 regarding assignment prevents changing the venue of a cause by assignment. Under it, an assignee of a note or a chose in action cannot maintain a suit on the assignment in any county in which the assignor could not have maintained the suit. *Merritt v. H.O. Wooten Grocer Company,* 35 S.W.2d 1071, 1072 (Tex.Civ.App.—Eastland 1931, no writ).

Baldwin contends that the proviso does not apply here because its cause against Brazos arises from Brazos' warranties, not from an assignment, and that since Baldwin's action against Melton is properly joinable under subd. 4 it too can be maintained in McLennan County. We disagree. In *Duvall v. Boyer*, 35 S.W.2d 181, 184–185, (Tex.Civ.App.—Dallas 1930, no writ), the court rejected a similar argument. There an assignee of oil lease contracts sued the lessor, his assignor who had guaranteed payment, in the county of their residences and attempted to join the lessee, resident of another county, under authority of subd. 4. Noticing that the assignor's liability arose from his guarantee, the court nevertheless held venue was proper only in the county of the lessee's residence. Similar decisions were made in *Hemphill v. Brock*, 267 S.W. 281 (Tex.Civ.App.—Austin 1924, no writ) on endorsement and assignment of a promissory note; in *Warner v. First National Bank of Bowie*, 142 S.W.2d 897 (Tex.Civ.App.—Fort Worth 1940, no writ) on endorsement and assignment of a draft; in *Saunders v. First National Bank of Ballinger*, 287 S.W. 133 (Tex.Civ.App.—Eastland 1926, no writ) on acceptance and assignment of a draft; and in *Chain Investment Company v. First National Bank of El Dorado*, 135 S.W.2d 192 (Tex.Civ.App.—Austin 1939, no writ) on endorsement of a check to a bank. Baldwin relies on this Court's decision in *First Trust Company v. Good Land Lumber Company*, 297 S.W.2d 312 (Tex.Civ.App.—Waco 1956, no writ). There two Travis County officers and directors of a corporation and of a Travis County trust company made a note payable from the corporation to the trust company. The trust company then assigned the note to the plaintiff. The note was endorsed by the corporation and by the two directors. Another individual, an officer of the maker corporation, but not associated with the assignor trust company, guaranteed the note individually. He resided in Victoria County. This Court held that venue was proper in Victoria County in the suit against the guarantor and that the Travis County defendants were properly joined so that suit against them was also proper in

Victoria County. The *First Trust* facts differ from the facts of the present case. In *First Trust* the assignor trust company and the Victoria County guarantor were different parties so that the assignor itself could have maintained suit against the guarantor in Victoria County. Thus the assignment by the trust company to the plaintiff did not have the effect of changing venue. The plaintiff did not attempt to sue in a county in which the assignor could not have maintained the suit.

The fact that an assignment forms the basis for a cause of action will not necessarily prevent the application of subd. 4 as a venue exception. The courts have held that where a party other than the assignor makes a separate contract with the assignee, the assignee may sue wherever venue is proper on the separate contract and join a proper party assignor. See *Hull v. First Guaranty State Bank*, 199 S.W. 1148 (Tex.Civ.App.—Texarkana 1917, no writ); *DeMontel v. Brance*, 151 S.W.2d 859 (Tex.Civ.App.—Galveston 1941, no writ); and *Harper v. Winfield State Bank*, 173 S.W. 627 (Tex.Civ.App.—Texarkana 1915, no writ). But in our case, it was the assignor Brazos who gave warranties. Thus application of the limiting provision set forth in subd. 4 was invoked by Brazos' assignment to Baldwin; and subd. 4 will not permit Baldwin's suit against Melton in McLennan County unless Brazos could have maintained suit there against Melton. *Merritt v. H.O. Wooten Grocer Company*, supra. This brings us to consideration of subdivisions 5(b) and 29a. We shall discuss the latter, first.

Subd. 29a applies only to suits brought in a county where no defendant resides or is domiciled, but which can be maintained there against one defendant under some other exception to Art. 1995. *Tarrant v. Walker*, 140 Tex. 249, 166 S.W.2d 900, 901 (1942). Baldwin asserts that since Subd. 23 applies to Brazos as a private corporation with its principal office in McLennan County, Brazos' status as a resident defendant should not prevent Subd. 29a from also applying. We overrule this

contention. In *Henderson Grain Company v. Russ,* 122 Tex. 620, 64 S.W.2d 347, 353 (1933), our Supreme Court explained that the purpose and intent of Subd. 29a is "to provide that in a case where a defendant is sued *outside* the county of his residence, and venue as to him is fixed by some other subdivision of the statute than subdivision 4, any other nonresident *necessary* party defendant can be brought into the suit." The illustrations set out by the Court involve only nonresident defendants. Confronted with facts similar to ours, the court in *Hromas v. Miller,* 148 S.W.2d 968, 969 (Tex.Civ.App.—Dallas 1941, no writ) said, "Subd. 29a is clearly not applicable, because the petition was filed in the county of a resident defendant," citing *Henderson Grain Co. v. Russ,* supra. Furthermore, we know of no theory under which Melton is a "necessary party" within the meaning of Subd. 29a to Baldwin's suit against Brazos. It cannot be upon the necessity of joining Melton in order to secure Baldwin "complete relief," as asserted by Baldwin, since Baldwin seeks only money damages against Brazos and it can recover those damages in full from Brazos if it proves its case. *Friday v. Grant Plaza Huntsville Associates,* 610 S.W.2d 747, 750 (Tex.1980). It cannot be upon the rule requiring joinder of the principal obligor in a suit against a guarantor or surety (see *Friday v. Grant Plaza Huntsville Associates,* supra, fn. 4, and the authorities cited there), and Baldwin does not assert that it can, since Brazos is liable only if Melton is not, as recognized by Baldwin in its alternative suit against Brazos. For all of these reasons, Subd. 29a does not apply to our case.

Concerning subd. 5(b), Melton contends in alternative points of error that the evidence is legally and factually insufficient to support the trial court's implied findings (1) that the action arises from a "consumer transaction" as defined in that venue exception, (2) that Melton in fact signed the contract, and (3) that the contract was signed in McLennan County. Baldwin had the burden of proving these venue facts by a preponderance of the evidence. *Meredith v. McClendon,* 130 Tex. 527, 111 S.W.2d 1062, 1065 (1938); *Banks v. Collins,* 152 Tex. 265, 257 S.W.2d 97, 99 (1953). Baldwin first learned that Thompson might be involved in the lease in March, 1981, when, after notifying Melton that the payment for that month was delinquent, Baldwin received a series of post-dated checks from Thompson. Baldwin's agent immediately contacted Melton by telephone, asked him if Thompson had custody of the leased vehicle, and reminded Melton that he, not Thompson, had signed the lease. Melton denied that Thompson possessed the car, did not deny executing the lease, and made the payment due as he had done on prior telephone contacts. Following the tests set forth in *Burnett v. Motyka,* 610 S.W.2d 735, 736 (Tex. 1980), we hold the evidence was legally and factually sufficient to support the implied findings that the lease was executed by Melton or by his agent for him at Brazos' place of business in McLennan County, although the record suggests that these issues could have been further developed by the testimony of Brazos' former employee who handled the execution of the lease for Brazos but did not testify. However, we sustain Melton's contention that there was no evidence that the lease of the vehicle in question was a consumer transaction defined in Subd. 5(b). The lease does not specify how the vehicle would be used. The only evidence on this issue came from Baldwin's collection manager who testified that she did not know the use. It is apparent from the record that this issue was not fully developed at the trial by available testimony. Under this circumstance it is our duty to remand the case for further development, not order transfer on the plea of privilege. *Jackson v. Hall,* 147 Tex. 245, 214 S.W.2d 458, 459 (1948). If the required venue facts of subd. 5(b) are established on retrial, then the suit against Melton can be maintained where filed under the provisions of both subdivisions 5(b) and 4.

The judgment is reversed, and this case is remanded generally for trial.